Josephine Cleveland, Pro se
908 Paradise Knoll Ct.
National City, CA 91950

FILED
2008 MAY -5 PH 2:52
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KNH _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Josephine Cleveland, Pro se<br><br>Plaintiff,<br><br>Vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORP., CHASE HOME FINANCE, LLC.<br><br>Defendant's. | '08 CV 0802 JM NLS<br><br>CASE NO. 08-CV-<br><br>Amended Motion for Ex Parte Temporary Restraining Order |

~~VERIFIED COMPLAINT~~
~~AND EMERGENCY MOTION FOR AMENDED EX PARTE TEMPORARY~~
~~RESTRAINING ORDER~~

COMES NOW the Plaintiff, Josephine Cleveland, pro-se, and sues Defendant's and as grounds therefore would state as follows:

PRELIMINARY STATEMENT

1.

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. section 1601 Et seq. hereinafter called the "Act") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's homes, and to recover statutory damages, reasonable fees and cost by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called

1  "Regulation Z"). Plaintiff also seeks damages for Defendant's violations of

2

## JURISDICTION

3  2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C.

4

sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28

5

U.S.C. section 2201.

6

## PARTIES

7  3.

8  The Plaintiff, Josephine Cleveland, is a natural person residing at 908 Paradise Knoll Ct.,

9  National City, CA 91950

10  4.

Defendant is a corporation organized and existing pursuant to the laws of the state

11

of California, engaged in the business of mortgage financing at 908 Paradise Knoll Ct., National

12

City, CA 91950

13  5.

14  At all times material hereto, the Defendant, in the ordinary course of its business,

15  regularly extended, or offered to extend, consumer credit, for which a finance charge is or

16  may be imposed or which, by written agreement, is payable in more than four installments.

17  ## FACTUAL ALLEGATIONS

18  6.

19  On or about (date) Plaintiff entered into a consumer credit transaction (hereinafter

20  "the transaction") with Defendant in which the extended consumer credit was subject to a

21  finance charge and which was initially payable to the Defendant.

22  7.

23  A true and correct copy of the credit agreement evidencing the transaction is

24

1  attached hereto, marked as PLAINTIFF'S EXHIBIT A, and by reference is incorporated

2  herein.

8.

As part of this consumer credit transaction, the Defendant retained a security interest in 908 Paradise Knoll Ct., National City, CA 91950, which is Plaintiff's home.

9.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

10.

A true and correct copy of the mortgage evidencing the Defendant's security interest is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by reference is incorporated herein.

FIRST CAUSE OF ACTION

11.

This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

12.

In the course of the consumer credit transaction Defendant violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that:

    a.  Identified the transaction.

    b.  Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

    c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

    d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose designating the address of Defendant's place of business.

    e. Clearly and conspicuously disclosed the effects of the transaction.

    f. Clearly and conspicuously disclosed the date the rescission period expired.

13.

The disclosure statement issued in conjunction with this consumer credit transaction, and attached as PLAINTIFF'S EXHIBIT C, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

    a. By failing to include in the finance charge certain charges imposed by The Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. section 1605 and Regulation Z, section 226.4, Thus improperly disclosing the finance charge in violation of 15 USC section 1638 (a) (3) and Regulation Z section 226.18 (d). Such amounts include, but are not limited to

        i. The broker fee.

        ii. The credit report fee, which is not a bona fide and reasonable fee.

        iii. The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.

        iv. The settlement or Closing fee.

  b. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendant improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and

  c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. section 1606, Regulation Z, section 226.22, the Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

14.

The disclosures improperly made by Defendant as itemized in paragraph 13 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

15.

The finance charge and APR were under disclosed by more that the tolerance Levels set forth in U.S.C. section 1635 (f).

16.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to 15 U.S.C. (f).

17.

Plaintiff rescinded the transaction by sending to Defendant at his business address

1 | by mail a notice of rescission.

2 | 18.

3 | More than 20 calendar days have passed and Defendants have failed to take any
4 | action necessary or appropriate to reflect the termination of any security interest created
5 | under this transaction, including the security interest describe as required by 15 U.S.C.
6 | section 1635 (b) and Regulation Z section 226.23 (d) (2).

7 | 19.

8 | The Defendant has failed to return to the Plaintiff any money or property given by
9 | the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. 1635 (b) and
10 | Regulation Z 226.23 (d) (2).

11 | 20.

12 | As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15
13 | U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendant is liable to Plaintiff for:

14 |     a. Rescission of this transaction.
15 |     b. Termination of any security interest in Plaintiff's property created
16 |        under the transaction
17 |     c. Return of any money or property given by the Plaintiff to anyone
18 |        including the Defendant, in connection with this transaction.
19 |     d. Statutory damages for disclosure violations.
20 |     e. Statutory damages for failure to respond properly to Plaintiff's
21 |        rescission notice.
22 |     f. Forefeiture of return of loan proceeds.
23 |     g. Actual damages in an account to be determined at trial.
24 |

h. Costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.

2. Declare the security interest in Plaintiff's home void.

3. Rescind the subject loan transaction.

4. Order Defendant to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not limited to the mortgage related to the subject transaction.

5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendant, in connection with the transaction.

6. Enjoin Defendant, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.

7. Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. section 1640 (a).;

8. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in

connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award Plaintiff costs

12. Award such other and further relief as the Court deems just and proper.

## VERIFICATION

Josephine Cleveland declares that he has read the foregoing Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

*Josephine Cleveland*
Josephine Cleveland

**AMENDED MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

21.

Plaintiff further moves this Honorable Court Ex Parte for a Temporary Restraining Order enjoining and restraining the named Defendants from enforcing a "Notice to Vacate" with an Eviction day, date and time of Monday May 5th, 2008 at 6:01 AM. The subject property was sold at a non-judicial foreclosure sale, April 23, 2008. Plaintiff will suffer irreparable injury if the "Notice to Vacate" is not enjoined until Plaintiff has a fair and adequate opportunity to have his claims heard. Plaintiff may well have the right to rescind the subject mortgage loan transaction. 15 USC 1635 (f) provides for a three (3) year limitation. Further, the Court cannot adequately determine at this point, until Plaintiff files his Amended Complaint, the likelihood of Plaintiff prevailing on the merits of his claims.

22.

In an abundance of caution and based upon legal and equitable considerations, this Court should enter a Preliminary Temporary Restraining Order to enjoin the scheduled "Notice to Vacate" to allow Plaintiff and Defendants to set forth their respective claims.

23.

This motion is filed on an emergency basis in that if the foreclosure "Notice to Vacate" goes forward on May 5th, 2008, that Plaintiff will lose the property, possession of the property and all of his equity in the property even if his claims are meritorious. Plaintiff requests that the Court grant a Preliminary Temporary Restraining Order without bond, as Plaintiff is unable to provide a bond of any kind or type.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant to him

the following relief:

24.

Accept his response to the Order to show cause and

25.

Grant Plaintiff's Motion for leave to amend and allow Plaintiff time to submit a second amended complaint to further state the Court's jurisdiction and Plaintiff's claims and

26.

Enter a Preliminary Temporary Restraining Order enjoining and restraining the scheduled "Notice to Vacate" the subject property on May 5th, 2008.

27.

Grant the Preliminary Restraining Order without bond.

28.

Grant such other and further relief as the Court deems equitable, appropriate and just.

## VERIFICATION

The undersigned, Josephine Cleveland, says that she has read the foregoing Verified Response to Order to show cause, Motion for leave to amend and emergency Motion for Ex Parte Temporary Restraining Order, and that, under the penalty of perjury, that the facts and allegations contained therein are true and correct.

*Josephine Cleveland* (signature)
Josephine Cleveland
5-5-2008