# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE CLEVELAND', <br><br> Plaintiff, <br> vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., <br><br> Defendants. | CASE NO. 08cv0802 JM(NLS) <br><br> ORDER DENYING TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE |

Plaintiff commenced this action on May 1, 2008 alleging that Defendants violated the Truth in Lending Act. A motion for a temporary restraining order ("TRO") accompanied the complaint, requesting that the court enjoin a non-judicial foreclosure sale of her property calendared for April 23, 2008. Late on May 5, 2008 Plaintiff filed an amended motion for TRO alleging that the property was sold at a non-judicial foreclosure sale on on April 23, 2008 and requesting that the court enjoin Defendants from seeking to enforce a "Notice of Eviction" calendared for May 5, 2008.

The Ninth Circuit has not articulated a specific test for temporary restraining orders. <u>Ali v. United States</u>, 932 F. Supp. 1206, 1208 (N.D. Cal. 1996). This court therefore uses the same tests applicable for preliminary injunctions. See <u>Superior Servs., Inc. v. Dalton</u>, 851 F. Supp. 381, 384 (S.D. Cal. 1994). Preliminary injunctive relief is available if the party meets one of two tests: (1) a combination of probable

success and the possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship tips in its favor. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." <u>Id</u>. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury." <u>Id</u>.

Here, the court has three concerns. First, it appears that the harm sought to be enjoined has already occurred. The complaint and original motion for TRO was filed about one week after the foreclosure of the property. The amended motion for TRO sought to restrain Plaintiff's eviction from the property. However, the eviction is alleged to have occurred on May 5, 2008. Consequently, it appears that the court cannot now provide effective relief. Second, it is unclear whether Defendants have been served with the amended motion as the motion is not accompanied by a proof of service

Third, and most significantly, in order to prevail on the TRO, Plaintiff must make the requisite showing of likelihood of success on the merits and irreparable harm. Like the original TRO motion, the amended TRO motion fails to address the likelihood of success on the merits. In light of the three year statute of limitations provided for in 15 U.S.C. §1635(f), Plaintiff generally alleges that she "may well have the right to rescind the subject loan transaction." (Amended TRO at p.9:8-10). Not only does the Amended Complaint and motion for TRO fail to allege the date of the underlying transaction, (Amended Compl. at p.2:19), but also fails to set forth the statutory provision allegedly violated by Defendants. Seen in this light, Plaintiff fails to identify the requisite likelihood of success on the merits. Consequently, the motion for a TRO is denied without prejudice subject to a further showing of the likelihood of success on

///

///

1 | the merits.

2 |     In sum the motion for TRO is denied without prejudice.

3 | **IT IS SO ORDERED.**

4 | DATED: May 6, 2008

                                              Hon. Jeffrey T. Miller
                                              United States District Judge

8 | cc:        All parties