Josephine Cleveland
908 Paradise Knoll Court
National City, CA 91950

FILED

2008 MAY -7 AM 8: 47

CLERK US DIST. OF COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNH_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Josephine Cleveland, Pro se | ) |
| Plaintiff, | ) |
| | )    CASE NO. 08cv0802 JM (NLS) |
| Vs. | ) |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY, TRUSTEE FOR NEW | )    SECOND AMENDED MOTION |
| CENTURY, NEW CENTURY | )    FOR EX PARTE TEMPORARY |
| MORTGAGE CORP., CHASE HOME | )    RESTRAINING ORDER |
| FINANCE, LLC. | ) |
| | ) |
| Defendant's. | ) |
| | ) |

### SECOND AMENDED

### MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

1.

Plaintiff further moves this Honorable Court for a Temporary Restraining Order
enjoining and restraining the named Defendant from maintaining and enforcing an eviction
of Plaintiff from the subject property during the pendency of this action. Although said
eviction is threatened, the Plaintiff is still in occupancy of the property as of the date of the
filing of this second amended Motion for Temporary Restraining Order. Defendant has been
served with a copy of the prior Motion for Temporary Restraining Order and has not yet

removed Plaintiff from possession. Therefore the damage sought to be apprehended by the granting of this motion to enjoin and restrain the threatened eviction is viable and the Court can provide effective relief.

2.

Plaintiff will suffer irreparable injury if the eviction is not enjoined until Plaintiff has a fair and adequate opportunity to have her claims heard. Plaintiff has the right to rescind the subject mortgage loan transaction. 15 USC 1635 (f) provides for a three (3) year limitation. Further, the Court can adequately determine at this point, that Plaintiff has a strong or substantial likelihood or probability of success on the merits of her case.

3.

Plaintiff submits that she does have a fair chance of success on the merits of her case based upon the following facts:

a. The subject loan transaction between Plaintiff and defendant occurred on October 28, 2005, which is within the three year statutory period provided for in 15 U.S.C. section 1635 (f).

b. The subject loan transaction was for a refinance of obligations for which she pledged a security interest in her home, which puts Plaintiff within the protection of the truth in lending statute.

c. Defendant has violated the disclosure requirements of the Truth in Lending Act as well as state law. Specifically, the Truth in Lending Act mandates that consumers have a right to rescind a transaction when it is a consumer credit transaction in which a non-purchase money lien or security interest is placed on the consumer's principal dwelling. 15

Josephine Cleveland

U.S.C. 1635. The lender must give the consumer a notice regarding the right to rescind and must provide two copies of said notice. 12 C.F.R. 226.23 (b)(1)(v). The notice must include various information, including the date the rescission period expires. 12 U.S.C. section 226.23 (b)(1)(v). Defendant violated these provisions.

    d. Usually a consumer has three days to exercise their right of rescission, however, if a lender fails to give the required disclosures the right of rescission can be extended for up to three years. A failure to include the date the rescission period expires has been found to be a material violation of the Truth in Lending Act, and as such triggers the consumer's extended right to rescind the transaction. See Semar v. Platte Valley Fed. Sav. & Loan Ass'n., 791 F.2nd 699 (9th Cir. 1986).(rescission notice that omitted expiration date, although it stated that the right expired after three days, was a violation); Williamson v. Lafferty, 698 F.2nd 767 (5th Cir. 1983)(failure to fill in expiration date violated Truth in Lending Act); Reynolds v. D&N Bank, 792 F. Supp. 52 (D. Me. 1991)(rescission date is extended when expiration date has been omitted); Armstrong v. Nationwide Mortg. Plan, 288 B.R. 404 (Bankr. E.D. Pa. 2003)(notice lacked date of transaction as well as deadline for rescission).

    e. In this case, the Notice of Right to Cancel provided to Plaintiff failed to include the necessary dates. Because the notice is flawed, plaintiff has a continuing right to rescind the transaction.

4.

    In an abundance of caution and based upon legal and equitable considerations, this Court should enter a Preliminary Temporary Restraining Order to enjoin the

1    Eviction to allow Plaintiff and Defendant to set forth their respective claims.

2                                              5.

3
4    This motion is filed on an emergency basis in that if the eviction action goes forward,

5    that Plaintiff will lose the property, and possession of the property and all of her equity in the

6    property even in her claims are meritorious.

7                                              6.

8
9    Plaintiff requests that the Court grant a Preliminary Temporary Restraining Order

10   without bond, as Plaintiff is unable to provide a bond of any kind or type.

11                                             7.

12   The issuance of an injunctive order will not cause substantial harm to Defendant

13   DEUTSCHE BANK and the injury caused to Plaintiff far outweighs any potential harm to

14   Defendant DEUTSCHE BANK.

15
16                                             8.

17   The public interest will be served by issuing the injuction. The public has an interest in

18   the orderly administration of justice with respect to this transaction

19   wich will be defeated if the relief sought is not granted. Public policy favors the proper

20   adjudication of claims of truth in lending violations and predatory lending against

21   Homeowners. Public policy dictates that plaintiff should not be rendered homeless

22   without a full adjudication of her case on the merits.

23
24
25   WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant to her the

26   following relief:

27
28

Josephine Cleveland

9.

Enter a Preliminary Temporary Restraining Order enjoining and restraining the eviction of Plaintiff from her home, and

10.

Grant the Preliminary Restraining Order without bond.

11.

~~Grant such other and further relief as the Court deems equitable, appropriate and~~ just.

## VERIFICATION

The undersigned, Josephine Cleveland, says that she has read the foregoing Amended emergency Motion for Ex Parte Temporary Restraining Order, and, under the penalty of perjury, that the facts contained therein are true and correct.

_Josephine Cleveland_     5-7-08
JOSEPHINE CLEVELAND     Date

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that a true and correct copy of the foregoing, Amended emergency

4    Motion for Ex Parte Temporary Restraining Order to DEUTSCHE BANK NATIONAL

5    TRUST COMPANY, TRUSTEE FOR NEW CENTURY, C/O Randall D. Naiman, Esq.

6    (81048), NAIMAN LAW GROUP, PC., 4660 La Jolla Village Drive, Suite 500, San Diego,

7    CA 92122, NEW CENTURY MORTGAGE CORP., 350 Commerce, Suite 200, Irvine, CA

8    92602, and to CHASE HOME FINANCE, LLC.  10790 Rancho Bernardo Road, San Diego,

9    92127.  Via Certified Mail Return Receipt Requested.  Faxed to DEUTSCHE BANK

10   NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, C/O Randall D.

11   Naiman, Esq. (81048), NAIMAN LAW GROUP, PC., at FAX # (858) 535-4805. # 4809

12

13   This 7th, day of May, 2008.

14                                                  Josephine Cleveland
15                                                  Josephine Cleveland, Plaintiff
16                                                  908 Paradise Knoll Ct.
                                                    National City, CA 91950
17                                                  Phone; 619-434-4799

18

19

20

21

22

23

24

25

26

27

28

Josephine Cleveland
                        Second Amended TRO, 5-7-08 - 6