JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST
COMPANY, TRUSTEE FOR NEW
CENTURY and CHASE HOME FINANCE
LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE CLEVELAND, PRO SE,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORP., CHASE HOME FINANCE LLC,<br><br>Defendant. | CASE NO.: 08CV0802JM-NLS<br><br>JUDGE: Hon. Jeffrey T. Miller<br><br>OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER<br><br>Action Filed: 5/1/08 |

Defendants Chase Home Finance LLC ("Chase"), and Deutsche Bank National Trust Company, trustee for New Century ("Deutsche" and collectively "Defendants") hereby submit the following in opposition to the Second Amended Motion for *Ex Parte* Temporary Restraining Order ("Application") of plaintiff Josephine D. Cleveland ("Cleveland").

///

///

1

OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR EX PARTE TRO

1054255.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT AND RELEVANT FACTS

The Application is Plaintiff's desperate attempt to delay the eviction from the property located at 908 Paradise Knoll Court, National City, California ("Subject Property"). The Application, however, is moot. The Subject Property has been foreclosed, and a Trustee's Deed Upon Sale has been recorded. Moreover, Deutsche commenced and succeeded in an unlawful detainer action against Plaintiff, and, as of May 7, 2008, the Plaintiff has been locked out and evicted from the Subject Property. Plaintiff's Application is moot.

In fact, the entire Complaint has no merit. It appears to be a form complaint for that Plaintiff simply failed to modify. Further, the Application does not allege that Defendants committed the same allegations violations Plaintiff alleges the Defendants purportedly committed in the Complaint. Namely, in the Complaint, Plaintiff contends that she failed to receive two copies of the notice of right to rescission as required by the Truth in Lending Act ("TILA") and that she was not provided with adequate disclosure of the subject loan's finance charges. These all appear to be part of the allegations made in a "form" complaint, because on page 2 of the Complaint, Plaintiff allege, "[o]n or about (date) Plaintiff entered into a consumer credit transaction…" *See*, Complaint, pg. 2; Pacer Docket No. 1. It is interesting that Plaintiff fails to include the date of the subject loan transaction, and that none of the three exhibits are attached to the Complaint. In the Application, Plaintiff merely contends she failed to receive two notices of the right to rescission. As such, the Defendants cannot determine what wrongdoing the parties purportedly committed.

Moreover, Chase was not the beneficiary, trustee, or lender in connection with the deed of trust encumbering the Subject Property that secured the subject loan. Chase was merely the loan servicer. As such, there no claim for violation of TILA can be asserted against Chase.

The Application is moot. For this reason alone, the Court should deny the Application. However, even if eviction could be enjoined, Plaintiff's motion is entirely without merit, as the Complaint is fatally flawed and no claim for relief can be asserted against Defendants.

## II. SUMMARY OF RELEVANT FACTS

- Plaintiff obtained a mortgage loan in the amount of $547,000.00 from New Century

1   Mortgage Corporation ("New Century") on October 22, 2005 ("Loan"). The loan was
2   secured by a deed of trust ("DOT") encumbering the Subject Property that recorded with
3   Official Records San Diego County on October 28, 2005 as instrument number 2005-
4   0940098. *See,* Request for Judicial Notice ("RJN"), Exhibit 1.

- The DOT was assigned via a corporate assignment to Deutsche Bank National Trust Company on September 25, 2007. The Corporate Assignment of Deed of Trust was recorded with Official Records San Diego County on October 17, 2006 as instrument number 2006-0735147. *See,* RJN, Exhibit 2.
- A Substitution of Trustee was recorded with Official Records San Diego County on October 18, 2006 as instrument number 2006-0738214, in favor of Loanstar Mortgagee Services. *See,* RJN, Exhibit 3.
- Plaintiff failed to comply with the Loan obligations and a second Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded with Official Records San Diego County on August 29, 2007 as instrument number 2007-057211. *See,* RJN, Exhibit 4.
- At the time the NOD was recorded Plaintiff was $29,130.36 in arrears. *See,* RJN, Exhibit 4.
- A Substitution of Trustee was recorded with Official Records San Diego County on October 19, 2007 as instrument number 2007-0671224, in favor of NDEx West, LLC ("NDEX"). *See,* RJN, Exhibit 5.
- Plaintiff failed to bring her account current and on January 18, 2008, a Notice of Trustee's Sale ("NOT") was recorded with Official Records San Diego County as instrument number 2008-0024810. *See,* RJN, Exhibit 6.
- The DOT was assigned to Deutsche Bank National Trust Company, Trustee for New Century on February 7, 2008. The Assignment of Deed of Trust was recorded with Official Records San Diego County on February 20, 2009 as instrument number 2008-0084714. *See,* RJN, Exhibit 7.
- The Subject Property was sold to Deutsche at a Trustee's Sale on February 19, 2008, and

3
OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR EX PARTE TRO

1054255.2

a Trustee's Deed Upon Sale was recorded on March 4, 2008 as instrument number 2008-0111362. *See,* RJN, Exhibit 8.

- Thereafter, Plaintiff recorded a Deed of Trust, a Quitclaim Deed, and Declaration of Acceptance with Official Records San Diego County. *See,* RJN, Exhibit 9.

- Deutsche was forced to bring an unlawful detainer action against Plaintiff in the Superior Court of California, County of San Diego to obtain possession of the Subject Property, *Deutsche v. Cleveland,* San Diego County Superior Court case number 37-2008-00030649-CL-UD-SC. Pursuant to a motion for summary judgment, Deutsche obtained an order for possession of the subject property. *See,* RJN, Exhibit 10.

- The eviction was completed on May 7, 2008 pursuant to a lockout. *See,* Declaration of Randall D. Naiman at ¶ 6.

## III. THE TEMPORARY RESTRAINING ORDER SHOULD NOT BE ISSUED, BECAUSE PLAINTIFF HAS ALREADY BEEN EVICTED FROM THE SUBJECT PROPERTY

A preliminary injunction can be issued only if plaintiff demonstrates: 1) likelihood of success on the merits; 2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).

As stated in this Motion to Dismiss, Plaintiff has failed to show that any defendant will be liable under any claim asserted in the Complaint. More importantly, there is no threat that Plaintiff will suffer irreparable injury if the injunction is not granted because the issue is moot. Plaintiff has already been evicted from the Subject Property.

### A. Plaintiff Has Already Been Evicted From the Subject Property Therefore There can Be no Claim of Imminent or Irreparable Harm

A preliminary injunction "may only be granted when the moving party has demonstrated a *significant* threat of irreparable injury, *irrespective of the magnitude* of the injury." *Simula, Inc. v.*

4

1  *Autoliv, Inc.*, 175 F3d 716, 725 (9th Cir. 1999) (emphasis added). Thus, a plaintiff "must *demonstrate* immediate threatened harm." *Caribbean Marine Serv. Co., Inc. v. Baldridge*, 844 F2d 668, 674 (9th Cir. 1988) (emphasis in original).

In this case, Plaintiff seeks a temporary restraining order to enjoin her eviction from the Subject Property. *See* Application p. 2 ¶ 2. The eviction, however, was completed on May 7, 2008—the same date that Plaintiff filed the Application. As such, the Application is moot.

Deutsche purchased the Subject Property at a Trustee's Sale on conducted on February 19, 2008. *See,* Declaration of Randall D. Naiman ("Naiman Decl.") ¶ 3. A Trustee's Deed Upon Sale was recorded on March 4, 2008 as instrument number 2008-0111362. *See,* RJN, Exhibit 8.

Deutsche commenced an unlawful detainer action on March 26, 2008 to obtain possession of the Subject Property ("UD Action"). *See,* Naiman Decl. ¶ 4. Pursuant to a Motion for Summary Judgment filed in the UD Action, Deutsche was granted possession of the Subject Property, against Cleveland and all unknown occupants. *See,* Naiman Decl. ¶ 5. The Order Granting Deutsche's Motion for Summary Judgment and Judgment thereon was signed and filed on April 18, 2008, more than two weeks before the instant action was commenced ("Order"). *See,* RJN, Exhibit 10.

Pursuant to the Order, Deutsche obtained a writ of possession and successfully completed a lockout on the Subject Property on May 7, 2008, the same day Plaintiff filed this Application. *See,* Naiman Decl. ¶ 6. As such, eviction of Plaintiff from the Subject Property has been completed. Thus, there is no longer an immediate threat of harm to Plaintiff. The lockout and eviction has already been completed. As such, the Application is moot.

**B.   Even if the Application was not Moot, No Injunction Could be Issued Because there is no Likelihood of Plaintiff's Success on the Merits For Violation of TILA**

Congress enacted TILA to regulate the disclosure of terms of consumer credit transactions in order "to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing." *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363-369 (1973). In addition to requiring disclosures regarding the financial terms of a loan, TILA also requires that a borrower be given notice of right to rescind that clearly provides the borrower with notice that he has right to rescind the transaction until midnight of the third business day following the consummation

5
OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR EX PARTE TRO

1054255.2

of the loan. 15 U.S.C. § 1635(a), 12 C.F.R. § 2626.23(b). In this regard, the Ninth Circuit held that the TILA notice of right to rescind ("NRR") must specify the last date on which the consumers could rescind the loan agreement without penalty. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701-702 (9th Cir. 1986). Furthermore, Regulation Z requires that two copies of the NRR must be provided to each consumer entitled to rescind. 12 C.F.R. § 2626.23(b)(1).Servicers of Consumer Obligations Cannot be Liable for TILA Violations.

### 1. Chase Cannot Be Liable For Any Violation of TILA Because it was a mere Loan Servicer

The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor, 15 USC §§ 1640, 1641. Servicers of consumer obligations are not to be treated as assignees for purposes of imposing liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f). *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956 (N.D. Ill. 2003).

In *Chow*, the Plaintiff brought an action for TILA violations against various parties, including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and argued that because it was only the servicer of the mortgage loan, <u>not the owner</u>, it could not be liable as an assignee. The Court, agreed and held that GMAC could not be held liable as an assignee for the alleged TILA violations. *See also, Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773 (N.D.Ill.,2007) (action was brought for violation of TILA against loan service, court dismissed claim).

In this case, as seen by the recorded documents, Chase was not the lender in connection with the Loan, and was never the beneficiary or trustee of the DOT securing the Loan. *See,* RJN, Exhibits 7. Although unclear from the allegations in the Complaint, Chase was the mere loan servicer. *Id.* As such, it cannot be liable for any purported TILA violations. Moreover, the property has already been foreclosed and sold. *See* Request for Judicial Notice, Exhibit 8. Any interest that Chase may have had a servicer of the mortgage ceased upon the foreclosure sale.

### 2. No Claim Can Be Asserted Against Deutsche

The entire Complaint has no merit. It appears to be a "form" complaint for that Plaintiff simply failed to modify. For example, in paragraph 6 of the Complaint, Plaintiff fails to identify the

date of the subject loan transaction. *See,* Complaint, pg. 2; Pacer Docket No. 2. The Complaint indicates a copy of the credit agreement is attached as Exhibit A. However, no Exhibit A is attached. *See,* Complaint ¶¶ 7, 10. Further, no exhibit B or exhibit C is attached to the Complaint.

As stated above, the Application does not allege that Defendants committed the same allegations violations Plaintiff alleges the Defendants purportedly committed in the Complaint. Namely, in the Complaint Plaintiff contends that in violation of TILA, she failed to receive two copies of the notice of right to rescission and that she was not provided with adequate disclosure of the subject loan's finance charges. *See,* Complaint ¶¶ 12-13. In the Application, however, Plaintiff merely contends she failed to receive two notices of the right to rescission. *See,* Application p. 2, ¶ 3. As such, it appears that Plaintiff's Complaint is nothing more than another attempt to delay eviction from the Subject Property. However, the Subject Property has already been sold at a Trustee's Sale, and a Trustee's Deed Upon Sale has been recorded. Further, an unlawful detainer action was successfully completed, wherein Deutsche was granted possession of the Subject Property. In fact, <u>as of May 7, 2008</u>, the lockout of the Subject Property has been completed. The Application is moot.

As such, Plaintiff is not entitled to a preliminary injunction and the Application must be denied.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Application be denied in its entirety.

DATED: May 12, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: _____
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST
COMPANY, TRUSTEE FOR NEW CENTURY
and CHASE HOME FINANCE LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On May 12, 2008, I served the foregoing document described as **OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 12, 2008, at Santa Ana, California.

_Veronica Delgado_
Veronica Delgado

PROOF OF SERVICE

**SERVICE LIST**
Josephine Cleveland v. Deutsche Bank, et al.
USDC-Southern District Case No. 08CV0802JM-NLS

Josephine Cleveland
908 Paradise Knoll Court
National City, CA 91950

**Plaintiff in Pro Per**

PROOF OF SERVICE