1  Josephine Cleveland
2  908 Paradise Knoll Court
   National City, CA  91950
3  619-674-9933

   FILED

   08 MAY 14 AM 11: 23

   CLERK, U.S. DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA

4

5              UNITED STATES DISTRICT COURT      ECL      DEPUTY

6              SOUTHERN DISTRICT OF CALIFORNIA

7

8  Josephine Cleveland, Pro se          )
                                        )
9          Plaintiff,                   )
                                        )    CASE NO. 08cv0802 JM (NLS)
10  Vs.                                 )
                                        )
11  DEUTSCHE BANK NATIONAL TRUST    )    PLAINTIFF'S RESPONSE TO
12  COMPANY, TRUSTEE FOR NEW        )    OPPOSITION TO SECOND
    CENTURY, NEW CENTURY            )    AMENDED MOTION FOR
13  MORTGAGE CORP., CHASE HOME      )    EX PARTE TEMPORARY
    FINANCE, LLC.                   )    RESTAINING ORDER
14                                  )
15  Defendant's.                    )
                                    )

16

17        **PLAINTIFF'S RESPONSE TO OPPOSITION TO SECOND AMENDED**

18        **MOTION FOR EX PARTE TEMPORARY RESTAINING ORDER**

19  Plaintiff Josephine Cleveland files this response to the opposition of defendants Chase Home

20  Finance LLC and Deutsche Bank National Trust Company, trustee for New Century

21

22  ("Deutsche" and collectively "Defendants") and states as follows:

23  I.      Response to Summary of Argument and Relevant Facts

24  Defendants in their opposition to Plaintiff's second amended motion for temporary

25  restraining order state that the application for a temporary restraining order is moot.

26  Defendants argument amounts to taking the position that if defendants can accelerate the

27

28  damages sought to be apprehended despite being put on notice of Plaintiff's claims through

the filing of Plaintiff's Complaint, a Lis Pendens, which put all defendants on notice of

Plaintiff's claims, a motion for TRO, and amended motions for TRO and a second amended

motion for TRO, that defendants prevail simply by the matter becoming moot. If this were

true, every application for a temporary restraining order could be avoided simply by

defendants accelerating the damages sought to be apprehended or delaying until

circumstances render the matter moot. Plaintiff contends that the matter is not moot. The

Plaintiff, in her Complaint, seeks rescission of the subject loan transaction, which would put

the parties back in the positions they occupied prior to the transaction occurring. Thus,

under the rescission remedy and the granting of the temporary restraining order placing the

parties back to the positions they occupied previously, the Court can have a practical effect

on the matter in controversy. The term moot is defined as a court's decision having no

practical effect on a legal controversy. It is submitted that the court can have a practical

effect through the rescission remedy and through the granting of the temporary restraining

order and that the matter is not moot. In any event, defendants should not be able to

frustrate the ability to grant the restraining order and place the parties in the positions they

occupied simply by accelerating the damages Plaintiff seeks to apprehend. This would only

reward the conduct of the defendants Plaintiff seeks to apprehend.

Defendants further state that the entire Complaint has no merit. In her Complaint

Plaintiff makes a series of substantive allegations concerning the failure to comply with the

truth in lending act as more fully set forth in her Complaint, paragraphs 11 through 21

inclusive. Defendants state that the allegations appear to be part of allegations made in a

"form" complaint, and as a basis for this states that the date of the consumer credit

transaction was omitted and that the three exhibits referenced in the Complaint were not

attached. However, Plaintiff would show that the date was not inserted simply because Plaintiff had to consult her papers in order to insert the correct date and did not want to "guess" as to the date. The word "date" on the complaint was merely Plaintiff's note to herself to insert the proper date after reviewing the document. Plaintiff would show that all of her papers, including her closing documents and the exhibits to attach to the complaint were in the subject property premises and that Plaintiff was denied further access to the premises upon being removed from possession by defendant. This does not affect the substantive merits of Plaintiff's claims and the exhibits can be attached to the original Complaint by defendant allowing Plaintiff access to her documents from the subject property premises.

Defendants further state that they cannot determine what wrongdoing the parties purportedly committed. Again, the claims and allegations set forth in the complaint concerning violation of the truth in lending act are substantive and numerous as more fully set forth in Plaintiff's Complaint paragraphs 11 through 21 inclusive, containing many sub-paragraphs. Defendants seek to avoid any liability for the truth in lending violations by simply stating that defendant Chase was merely the loan servicer. However, both defendant Chase and Deutsche Bank National Trust and New Century were well aware of Plaintiff's claims through the filing of the complaint, the Lis Pendens and the motion and amended motions for TRO. None of the defendants can claim that they are without knowledge of these facts inasmuch as the Plaintiff's Complaint was filed May 1, 2008 and all defendants were duly give notice of Plaintiff's claims, and as Defendants state in their opposition, Plaintiff was not taken out of possession until May 7, 2008. It was only because the Court

wanted to insure the defendants notice and opportunity to be heard prior to the entry of the restraining order that allowed the defendants to remove Plaintiff from possession.

Defendants repeat their allegation that the Plaintiff's motion is without merit and stating that the Complaint is flawed. This is merely stating their conclusion.

In determining the merits of Plaintiff's Complaint and her request for the restraining order, the court should take the allegations of the Complaint and Motion as well pled and true. For purposes of granting or denying the relief requested all well pled allegations in the complaint, motion and amended motions should be considered as true and the complaint and motions construed in the light most favorable to Plaintiff. Willson v. Taylor, 634 P.2d 1180,1182. The standard to be applied is whether Plaintiff would be entitled to relieve based upon any set of facts that could be proven in support of her claims. Grave v. Montana Army Nat. Guard, 872 P.2d 791, 793 (1994).

Plaintiff would again state that the remedy sought in the Complaint is that of rescission. Rescission as a general rule must be exercised in toto and applied to the contract in its entirety with the result that what has been done is wholly undone and no contract provisions remain in force. This would restore all of the parties to their original positions prior to the subject transaction. Despite the fact that defendants have accelerated the damages Plaintiff sought to apprehend by having Plaintiff removed from possession of the property despite having full knowledge of Plaintiff's claims by virtue of the Complaint and Lis Pendens, this court can still fashion a remedy by restoring the parties to the positions they occupied prior to Plaintiff being removed from possession while the Complaint and Motion for TRO and amended Motions were being considered. To fail to do so would only reward the defendants for accelerating the damages. Plaintiff has, in her prior Motions, met the

requirements for the entry of the restraining Order by showing a likelihood of success on the merits, a substantial threat that Plaintiff will suffer irreparable injury, that the threatened injury outweighs any damage to defendants and that the temporary injunction would serve the public interest.  But for the fact that the Court wanted to insure defendants with notice and opportunity to be heard on the matter as set forth in the Court's Order of May 6, 2008, the temporary restraining order could have been granted and the damage avoided.  The Court still has the ability to return the parties to the status quo before defendants executed their writ of possession, which was executed while consideration of the temporary restraining Order was pending.

Some of the alleged facts set forth in defendant's opposition are incorrect.  For example, on page 3 beginning at line 5 and continuing to line 8, defendants state that the Deed of Trust was assigned via a corporate assignment to Deutsche Bank National Trust Company on September 25, 2007. This is the document that allows defendant Deutsche Bank National Trust Company the right to foreclose.  However defendant then go on to say that this Corporate Assignment of Deed of Trust was recorded on October 17, 2006. This must be incorrect.  If the Corporate Assignment of the Deed of Trust was done and dated on September 25, 2007, how could this same assignment have been recorded October 17, 2006, more than a year before the assignment was made? The defendant's statements call into question whether there was ever a proper recorded Corporate Assignment of the Deed of Trust and whether defendant Deutsche Bank National Trust Company ever had the right to foreclose the subject property and remove Plaintiff from possession pursuant to a writ of possession done while Plaintiff's application for a temporary restraining Order was pending.

**CONCLUSION.**

Based upon the Plaintiff's Complaint, Lis Pendens, Motion for Temporary Restraining Order and Amended Motions for Restraining Order, defendants were put on notice of Plaintiff's claims and should not be allowed to defeat Plaintiff's claims by accelerating the damages Plaintiff was seeking to apprehend. The Court can fashion a remedy placing the parties back in the positions they occupied prior to defendant removing Plaintiff from possession and by then granting the temporary restraining Order until the respective claims of the parties can be heard. The matter is not rendered moot by defendants actions in removing Plaintiff since it was done with full knowledge of the pending proceedings.

Dated this 14TH day of May, 2008.

Josephine Cleveland
908 Paradise Knoll Court
National City, CA 91950

Josephine Cleveland
RESPONSE TO OPPOSITION TO SECOND AMENDED MOTION FOR TRO, 5-14-08 - 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response has

Been furnished to Adorno Yoss Alvarado & Smith, S. Christopher Yoo and Rocio

Herrara, Attorneys for Defendants at 1 MacArthur Place, Suite 200, Santa Ana

CA 92707 this 14TH day of May, 2008.

*Josephine Cleveland*
Josephine Cleveland

Josephine Cleveland
RESPONSE TO OPPOSITION TO SECOND AMENDED MOTION FOR TRO, 5-14-08 - 7