# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE CLEVELAND,<br><br>Plaintiff,<br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORP., CHASE HOME FINANCE LLC,<br><br>Defendants. | CASE NO. 08cv0802 JM(NLS)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff commenced this action on May 1, 2008 alleging that Defendants violated the Truth in Lending Act ("TILA"). A motion for a temporary restraining order ("TRO") accompanied the complaint, requesting that the court enjoin a non-judicial foreclosure sale of her property calendared for April 23, 2008. Late on May 5, 2008 Plaintiff filed an amended motion for TRO alleging that the property was sold at a non-judicial foreclosure sale on April 23, 2008 and requesting that the court enjoin Defendants from seeking to enforce a "Notice of Eviction" calendared for May 5, 2008. On May 7, 2008 Plaintiff filed a second amended motion for TRO. On May 12, 2008 Defendants filed an opposition to the TRO. Defendants submit evidence showing that on April 18, 2007 Judge O'Connor of the San Diego Superior Court granted Defendants' motion for summary judgment on its unlawful detainer claim. On May 6,

2008 the San Diego Superior Court denied Plaintiff's motion to stay execution of the judgment and granted Defendants' lockout request. (Defendants Exh. 10).

The Ninth Circuit has not articulated a specific test for temporary restraining orders. Ali v. United States, 932 F. Supp. 1206, 1208 (N.D. Cal. 1996). This court therefore uses the same tests applicable for preliminary injunctions. See Superior Servs., Inc. v. Dalton, 851 F. Supp. 381, 384 (S.D. Cal. 1994). Preliminary injunctive relief is available if the party meets one of two tests: (1) a combination of probable success and the possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship tips in its favor. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury." Id.

Here, by the time Plaintiff filed her amended motion for TRO on May 7, 2008, the request for a TRO became moot as the eviction was complete pursuant to the May 6, 2008 lockout order. The court further notes that Plaintiff has failed to establish the requisite likelihood of success on the merits. Plaintiff argues the merits of her claim for the first time in her May 7, 2008 motion. Plaintiff generally argues that Defendants failed to include specific dates in the three day cancellation noticed and therefore she is entitled to unwind the October 22, 2005 loan transaction. Plaintiff fails to cite any authority for this proposition.

Moreover, Plaintiff's claim for recision fails for a more fundamental reason - the claim for rescission is time barred under the Truth in Lending Act ("TILA"). Any claim for rescission must be brought within three years of consummation of the transaction or prior to "the sale of the property, whichever occurs first." 15 U.S.C. §1635(f). Plaintiff's right to rescind the transaction expired on February 19, 2008, the date of the Trustee's sale. (RJN Exh. 8). Consequently, the court concludes that Plaintiff fails to

establish the requisite likelihood of success on the merits and irreparable harm.[1]

Finally, the court notes that Plaintiff's damages claims relating to improper disclosures under TILA are subject to the one year statute of limitations period of 15 U.S.C. §1640(e) (any claim under this provision must be made "within one year from the date of the occurrence of the violation."). The complaint alleges that Defendants violated TILA's disclosure rules by, among other things, failing to provide two copies of the notice of the right to rescind and to make the requisite fee disclosures. (Compl. at pp. 3-5). While the court makes no findings with respect to the timeliness of these damage-related claims, it appears that some or all of the claims arising from the alleged disclosure deficiencies may be time barred as the alleged violations would have occurred at the time the loan closed on October 22, 2005.

In sum, the court denies the motion for TRO.

**IT IS SO ORDERED.**

DATED: May 16, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties

---

[1] Even if the court were to treat Plaintiff's claim for rescission as one arising under state law, assuming supplemental jurisdiction would be proper under 28 U.S.C. §1367, Plaintiff must return any amounts owed under the mortgage and Defendants the property – all necessary elements to a rescission claim. See White v. Berrenda Mes Water Dist., 7 Cal.App. 894, 900 (1970). However, Defendants submit evidence to show that the property has been sold and a Trustee's Deed Upon Sale recorded on March 4, 2008 and Plaintiff's complaint fails to allege that monies received and owed are capable of being returned to the mortgagee. Consequently, it appears that even under state law Plaintiff would not prevail on her claim for rescission because the complaint fails to allege these two necessary elements of a state law claim for recision.