1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ROCIO HERRERA (CA Bar No. 237139)
   rherrera@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendants
8  DEUTSCHE BANK NATIONAL TRUST
   COMPANY, TRUSTEE FOR NEW
9  CENTURY and CHASE HOME FINANCE
   LLC
10

11                    UNITED STATES DISTRICT COURT

12                   SOUTHERN DISTRICT OF CALIFORNIA

13

14  JOSEPHINE CLEVELAND, PRO SE,          CASE NO.: 08CV0802JM-NLS

15          Plaintiffs,                    JUDGE:    Hon. Jeffrey T. Miller

16  v.                                     MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT OF
17  DEUTSCHE BANK NATIONAL TRUST           MOTION TO DISMISS THE
    COMPANY, TRUSTEE FOR NEW CENTURY,      COMPLAINT FOR FAILURE TO STATE
18  NEW CENTURY MORTGAGE CORP.,            A CLAIM
    CHASE HOME FINANCE LLC,
19
            Defendant.                     Date:  June 27, 2008
20                                         Time:  1:30 p.m.
                                           Crtrm: "16"
21

22                                         Action Filed: 5/1/08

23
          Defendants Chase Home Finance LLC ("Chase"), and Deutsche Bank National Trust
24
    Company, trustee for New Century ("Deutsche" and collectively "Defendants") hereby submit the
25
    following memorandum of points an authorities in support of the Motion to Dismiss the complaint
26
    ("Complaint") of plaintiff Josephine D. Cleveland ("Cleveland" or "Plaintiff").
27
    ///
28
                                               1
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
                                                                     08CV0802JM-NLS

1054977.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT AND RELEVANT FACTS

Plaintiff's complaint, filed in conjunction with an amended motion for temporary restraining order ("Application") that has already been denied, is a desperate attempt to delay the eviction from the property located at 908 Paradise Knoll Court, National City, California ("Subject Property"). *See,* Order, Pacer Docket No. 16. The entire Complaint, however, is uncertain and fatally flawed because all claims asserted are barred by the applicable statute of limitations.

Plaintiff's Complaint is simply a form complaint that Plaintiff failed to modify. Plaintiff contends that she failed to receive two copies of the notice of right to rescission and that she was not provided with adequate disclosure of the subject loan's finance charges as required by the Truth in Lending Act ("TILA"). These allegations appear to be part of a "form" complaint, because the Complaint includes spaces that indicate Plaintiff should have filled with dates. *See*, Complaint, pg. 2; Pacer Docket No. 1. Furthermore, Plaintiff failed to include any of exhibits purportedly attached to the Complaint. *Id.* As such, the Defendants cannot determine what wrongdoing they purportedly committed.

More importantly, Plaintiff's Complaint, as asserted, fails against Duetsche for violation fo TILA because the claim for rescission is time barred. Any claim for rescission pursuant to TILA must be brought within three years of consummation of the transaction or prior to "the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Plaintiff's right to rescission expired on the date of the Trustee's sale of the Subject Property was completed, or February 19, 2008. Similarly, Plaintiff's request for damages pursuant to TILA has also expired, as any claim for damages must be brought within one year from the date of the violation. 15 U.S.C. § 1641(e)(1)(A).

Moreover, Chase was not the beneficiary, trustee, or lender in connection with the deed of trust encumbering the Subject Property that secured the subject loan. Chase was merely the loan servicer. As such, no claim for violation of TILA can be asserted against Chase. 15 U.S.C. § 1641(f); *see also, Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 959 (N.D. Ill. 2003).

1   Thus no claim can be asserted against Chase or Deutsche and the entire Complaint must be
2   dismissed without leave to amend.

3   II.  **SUMMARY OF RELEVANT FACTS**

- Plaintiff obtained a mortgage loan in the amount of $547,000.00 from New Century Mortgage Corporation ("New Century") on October 22, 2005 ("Loan"). The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that recorded with Official Records San Diego County on October 28, 2005 as instrument number 2005-0940098. *See,* Request for Judicial Notice ("RJN"), Exhibit 1.

- The DOT was assigned via a corporate assignment to Deutsche Bank National Trust Company on September 25, 2007. The Corporate Assignment of Deed of Trust was recorded with Official Records San Diego County on October 17, 2006 as instrument number 2006-0735147. *See,* RJN, Exhibit 2.

- A Substitution of Trustee was recorded with Official Records San Diego County on October 18, 2006 as instrument number 2006-0738214, in favor of Loanstar Mortgagee Services. *See,* RJN, Exhibit 3.

- Plaintiff failed to comply with the Loan obligations and a second Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded with Official Records San Diego County on August 29, 2007 as instrument number 2007-057211. *See,* RJN, Exhibit 4.

- At the time the NOD was recorded Plaintiff was $29,130.36 in arrears. *See,* RJN, Exhibit 4.

- A Substitution of Trustee was recorded with Official Records San Diego County on October 19, 2007 as instrument number 2007-0671224, in favor of NDEx West, LLC ("NDEX"). *See,* RJN, Exhibit 5.

- Plaintiff failed to bring her account current and on January 18, 2008, a Notice of Trustee's Sale ("NOT") was recorded with Official Records San Diego County as instrument number 2008-0024810. *See,* RJN, Exhibit 6.

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
08CV0802JM-NLS

1054977.1

- The DOT was assigned to Deutsche Bank National Trust Company, Trustee for New Century on February 7, 2008. The Assignment of Deed of Trust was recorded with Official Records San Diego County on February 20, 2009 as instrument number 2008-0084714. *See,* RJN, Exhibit 7.

- The Subject Property was sold to Deutsche at a Trustee's Sale on <u>February 19, 2008</u>, and a Trustee's Deed Upon Sale was recorded on March 4, 2008 as instrument number 2008-0111362. *See,* RJN, Exhibit 8.

- Thereafter, Plaintiff recorded a Deed of Trust, a Quitclaim Deed, and Declaration of Acceptance with Official Records San Diego County. *See,* RJN, Exhibit 9.

- Deutsche was forced to bring an unlawful detainer action against Plaintiff in the Superior Court of California, County of San Diego to obtain possession of the Subject Property, *Deutsche v. Cleveland,* San Diego County Superior Court case number 37-2008-00030649-CL-UD-SC. Pursuant to a motion for summary judgment, Deutsche obtained an order for possession of the subject property. *See,* RJN, Exhibit 10.

- The eviction was completed on May 7, 2008 pursuant to a lockout. *See,* Declaration of Randall D. Naiman at ¶ 6, Dockt No. 14.

### III. THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

///

///

## IV. NO CLAIM FOR VIOLATION OF TILA CAN BE ASSERTED AGAINST DEUTSCHE

Congress enacted TILA to regulate the disclosure of terms of consumer credit transactions in order "to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing." *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363-369 (1973). In addition to requiring disclosures regarding the financial terms of a loan, TILA also requires that a borrower be given notice of right to rescind that clearly provides the borrower with notice that he has right to rescind the transaction until midnight of the third business day following the consummation of the loan. 15 U.S.C. § 1635(a), 12 C.F.R. § 2626.23(b). In this regard, the Ninth Circuit held that the TILA notice of right to rescind ("NRR") must specify the last date on which the consumers could rescind the loan agreement without penalty. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701-702 (9th Cir. 1986). Furthermore, Regulation Z requires that two copies of the NRR must be provided to each consumer entitled to rescind. 12 C.F.R. § 2626.23(b)(1).

### A. Deutsche Cannot be Liable for Damages for TILA Violations that are not on the Face of the Disclosure Documents

Deutsche is not the originating lender. *See*, RJN, Exhibits 1-2. Deutsche is an assignee lender. Liability for an assignee of a loan secured by real property is found where "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction." 15 U.S.C. § 1641(e)(1)(A). Only violations that "[a] reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under TILA." *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir.1998).

Furthermore, civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e).

Plaintiff alleges that the notice of the right to cancel ("NRC") and the disclosure statements provided to Plaintiff during closing did not include the required TILA disclosures. *See*, Complaint ¶ 12-13. Plaintiff further seeks statutory damages, actual damages, costs and forfeiture of the Loan.

As such, Plaintiff is seeking civil penalties for the purported TILA violations. Assuming that Plaintiff's allegations are true and Deutsche could have determined that a TILA violation had occurred by a detailed review of the NRC and the other TILA disclosure documents, which Deutsche does not concede, Deutsche could not be liable for those damages because the statute of limitations has expired. Section 1640(e) states, in part:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, <u>within one year from the date of the occurrence</u> of the violation." (Emphasis added).

In *Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.3d 584, 589 (E.D.Va. 2006), the Court granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because Plaintiffs filed their claim after the expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained of violation. If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.

Plaintiff's Loan closed on or about October 22, 2005. Plaintiff filed suit on May 8, 2008, more than <u>two</u> years after the loan closed and she purportedly obtained the deficient disclosure documents. Consequently, any claim for damages for improper TILA disclosures are time-barred because the statute of limitations period began to run on the date the Loan closed, October 22, 2005. Plaintiff's claims expired on October 22, 2006, one year after the Loan closed. *Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.3d 584.

      **B.**     <u>**Plaintiff is not Entitled to Rescission Because the Subject Property Has Been Sold**</u>

Plaintiff's claim for rescission of the Loan, like the action for damages, pursuant to TILA is also fatally flawed because the claim is time barred. As held by the Court in denying Plaintiff's Application, "Any claim for rescission must be brought within three years of consummation of the

transaction or prior to the "sale of the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f)." *See,* Order, Docket No. 16, p. 2:23-3:1, *see also, Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007). Thus, Plaintiff's right to rescind the transaction expired on February 19, 2008, the date of the Trustee's sale. *See,* RJN, Exhibit 8.

As such, no claim for violation of TILA can be asserted against Deutsche.

## V. THE CLAIM FOR VIOLATION OF TILA AGAINST CHASE ALSO FAILS

Plaintiff argues that Chase is liable for failing to provide the Plaintiff with disclosure documents required by TILA, including proper notices of right to cancel and disclosing all finance charges. *See,* Complaint ¶¶ 1216. The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor, 15 USC §§ 1640, 1641. Servicers of consumer obligations are not to be treated as assignees for purposes of imposing liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f). *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

In *Chow*, the Plaintiff brought an action for TILA violations against various parties, including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and argued that because it was only the servicer of the mortgage loan, <u>not the owner</u>, it could not be liable as an assignee. The Court, agreed and held that GMAC could not be held liable as an assignee for the alleged TILA violations. *See also, Bills v. BNC Mortg., Inc.,* 502 F.Supp.2d 773 (N.D.Ill.,2007) (action was brought for violation of TILA against loan service, court dismissed claim).

Section 1640(a) "permits only a 'creditor' to be held liable for a monetary penalty or an award of attorney's fees for a TILA violation." *Brodo v. Bankers Trust Co.,* 847 F.Supp. 353, 359 (E.D.Pa.,1994).

In this case, as seen by the recorded documents, Chase was not the lender in connection with the Loan, and was never the beneficiary or trustee of the DOT securing the Loan. *See,* RJN, Exhibits 1,2,7. Chase was the mere loan servicer. *Id.* Specifically, New Century was the lender in the connection with the DOT. *See,* RJN, Exhibit 1. The DOT was assigned to Deutsche Bank National

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
08CV0802JM-NLS

1054977.1

1  Trust Company, Trustee for New Century on February 7, 2008. *See,* RJN, Exhibit 2, 7. Chase was
2  never the lender, beneficiary, or trustee pursuant to the DOT. *See,* RJN, Exhibit 1-7. As such, it
3  cannot be liable for any purported TILA violations and the claim must be dismissed as asserted
4  against Chase. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 959.

Moreover, the property has already been foreclosed and sold. *See* Request for Judicial Notice, Exhibit 8. Thus, any interest that Chase may have had a servicer of the mortgage ceased upon the completion of the foreclosure sale.

## VI. CONCLUSION

Based on the aforesaid argument and authorities, Chase respectfully requests that this Court grant the motion to dismiss in its entirety.

DATED: May 22, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY and CHASE HOME FINANCE LLC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On May 22, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 22, 2008, at Santa Ana, California.

_Veronica Delgado_
Veronica Delgado

---

PROOF OF SERVICE

1054336.1

**SERVICE LIST**
**Josephine Cleveland v. Deutsche Bank, et al.**
**USDC-Southern District Case No. 08CV0802JM-NLS**

Josephine Cleveland
908 Paradise Knoll Court
National City, CA 91950

**Plaintiff in Pro Per**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1054336.1