JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST
COMPANY, TRUSTEE FOR NEW
CENTURY and CHASE HOME FINANCE
LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE CLEVELAND, PRO SE,<br><br>  Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORP., CHASE HOME FINANCE LLC,<br><br>  Defendant. | CASE NO.: 08CV0802JM-NLS<br><br>JUDGE:   Hon. Jeffrey T. Miller<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date:  Under submission without oral argument<br>Time:  Under submission without oral argument<br>Crtrm:  "16"<br><br>**Action Filed:** 5/1/08 |

///

///

///

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

08CV0802JM-NLS

1059038.3

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Chase Home Finance LLC ("Chase"), and Deutsche Bank National Trust Company, trustee for New Century ("Deutsche" and collectively "Defendants") hereby submit the following reply to the Opposition to the Motion to Dismiss the complaint ("Opposition") of plaintiff Josephine D. Cleveland ("Cleveland" or "Plaintiff").

## I. SUMMARY OF ARGUMENT AND RELEVANT FACTS

Plaintiff's Opposition, like the complaint, is based on unsupported, vague, and nonsensical allegations. It appears that Plaintiff suggests that the Court permit her inarticulate pleadings because she is pro se plaintiff. *See,* Opposition. The Federal Rules, however, require that pleadings give fair notice of the pleader's claim or defense so that the opposing parties can respond, undertake discovery, and prepare for trial. *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957). "That a plaintiff is proceeding in pro per does not render the rules of the Court inapplicable." *King v. Atiyeh,* 814 F.2d 565,567 (9th Cir. 1987) (Pro per litigants must follow the same procedural rules as represented parties).

Plaintiff, in essence, contends that Chase and Deutsche admitted the wrongdoing alleged in the complaint because the Motion only addressed the legal deficiencies in the complaint. *See,* p. 3:15-19. There is no authority for such a proposition.

Plaintiff simply cannot assert any claim for violation of the Truth in Lending Act ("TILA") against Deutsche because the statute of limitations has expired. 15 U.S.C. §§ 1635(f), 1641(e)(1)(A). In addition, as conceded by Plaintiff, the claim fails as asserted against Chase because Chase was merely the servicer for the subject loan. *See,* Complaint, p. 2:19-26. Thus, the motion to dismiss must be granted in its entirety.

Plaintiff also belatedly appears to add another claim against Chase and Deutsche for failure to a "validate the debt." In essence, Plaintiff contends that Deutsche and Chase are not "holders in due course" entitled to foreclose on the subject property. There is no authority that allows a Plaintiff to amend a complaint via an opposition to a motion to dismiss. Irrespective, no claim for violation of any claim for failure to "validate a debt" can be asserted against Deutsche or Chase. Plaintiff

admits that she took the subject loan. Furthermore, there is no allegation that the loan was not in arrears. *See,* Complaint. The title documents submitted with the request for judicial notice evidence that Deutsche is the current beneficiary of the deed of trust securing the subject loan and the deed of trust contains a power of sale. Therefore, Chase and Deutsche were entitled to commence foreclosure due to Plaintiff's failure to comply with her loan obligations. *See,* Request for Judicial Notice filed concurrently with Motion to Dismiss ("RJN"), Exhibit 1 ¶ 22.

Thus, no claim can be asserted against Chase or Deutsche, and the entire Complaint must be dismissed without leave to amend.

## II. PLAINTIFF CONCEDES SHE CANNOT ASSERT A CAUSE OF ACTION FOR VIOLATION OF TILA AGAINST CHASE

Plaintiff's concedes that she cannot assert a cause of action for violations of the Truth in Lending Act ("TILA"). *See,* Opposition p. 2:21-23. As such, the motion to dismiss should be granted in its entirety as to Chase.

## III. NO CLAIM FOR VIOLATION OF TILA CAN BE ASSERTED AGAINST DEUTSCHE

In opposing the motion to dismiss the claim for violation of TILA against Deutsche, Plaintiff entirely ignores the jurisdictional bar raised in the Motion to Dismiss, and instead, simply states that "[t]he complaint properly asserts each cause of action against defendants however ineptly." *See,* Complaint 3:11-12. Simply stated, Plaintiff is incorrect.

As discussed in their moving papers, civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Section 1640(e) states, in part: "Any action under this section may be brought…<u>within one year from the date of the occurrence</u> of the violation." (Emphasis added).

Again, Plaintiff obtained a mortgage loan in the amount of $547,000.00 from New Century Mortgage Corporation ("New Century") on October 22, 2005 ("Loan"). *See,* RJN, Exhibit 1. Plaintiff filed suit on May 8, 2008, more than <u>two</u> years after the loan closed and she purportedly obtained the deficient disclosure documents. Where the facts and dates alleged in the complaint

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
08CV0802JM-NLS

1059038.3

1  indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a
2  claim lies. *Jablon v. Dean Witter & Co.*, 614 F2d 677, 682 (9th Cir. 1980).
3        Therefore, any claim for damages for improper TILA disclosures pursuant to section 1641
4  are time-barred and the motion to dismiss must be granted.
5        Similarly, Plaintiff's claim for rescission of the Loan, like the action for civil damages
6  pursuant to TILA, is fatally flawed because the claim is time-barred. Again, "[a]ny claim for
7  rescission must be brought within three years of consummation of the transaction or prior to the
8  "sale of the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f)." *See,* Order, Docket
9  No. 16, p. 2:23-3:1, *see also, Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich.,
10  2007). Thus, Plaintiff's right to rescind the transaction expired on February 19, 2008, the date of the
11  Trustee's sale. *See,* RJN, Exhibit 8.
12        As such, no claim for rescission pursuant to TILA can be asserted. The motion to dismiss
13  must be granted in its entirety.

## IV. PLAINTIFF CAN NOT STATE A CAUSE OF ACTION ON THE BASIS THAT CHASE OR DEUTSCHE ARE NOT THE "HOLDER IN DUE COURSE"

Again, Plaintiff appears to seek to amend the complaint by way of her opposition. In essence, Plaintiff now contends that Defendants are not a "holder in due course." *See*, Opposition, p. 3-7. Such allegations are nonsensical, as Plaintiff has not even identified which statute has been violated. It appears, however, that Plaintiff may seek to assert a claim for violation of Commercial Code § 3302. No claim for violation of section 3302 could be asserted.

Commercial Code § 3302(a) defines "holder in due course" as follows:

> "Subject to subdivision (c) and subdivision (d) of Section 3106, "holder in due course" means the holder of an instrument if both of the following apply:
>
> (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity.
>
> (2) The holder took the instrument (A) for value, (B) in good faith, (C) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (D) without notice that the instrument contains an unauthorized signature or

has been altered, (E) without notice of any claim to the instrument described in Section 3306, and (F) without notice that any party has a defense or claim in recoupment described in subdivision..."

As a matter of record, Deutsche was the beneficiary of the Deed of Trust prior to the foreclosure sale. *See*, RJN, Exhibit 2. As such, it is incredible that Plaintiff can argue that Deutsche was not the owner of the loan entitled to commence foreclosure pursuant to the deed of trust.

Furthermore, whether Chase is a "holder in due course" is irrelevant for the purpose of a trustee's sale under the subject deed of trust, because first, Chase is not the lender and second, there is no legal authority for the proposition that only a "holder in due course" can enforce the power of sale clause in a deed of trust. In fact, Plaintiff does not dispute that she took the subject loan or that she is in default of the loan. *See,* Complaint. Section 22 of the subject deed of trust clearly states that if the borrowers are in default of any obligations under the loan, the lender can commence foreclosure proceedings. *See*, RJN, Exhibit 1. As evidenced by the notice of default and notice of trustee's sale, Plaintiff was in default of her payment obligations under the loan. Therefore, the lender was authorized to proceed and finalize the foreclosure proceedings.

Moreover, Commercial Code § 3302 does not <u>allow for a private right of action.</u> A mere allegation of a violation of a statute or regulation by a defendant does not entitle the plaintiff to assert a claim against that defendant. In that regard, in *Vikco Ins. Services, Inc.,* the court held:

> Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute; such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature *intended* to create such a right to sue for damages. If the Legislature intends to create a private cause of action, we generally assume it will do so 'directly, …in clear, understandable, unmistakable terms… (citations omitted)…..absent some express provision for civil liability, courts cannot assume a private cause of action for negligence may be brought any time a legislative enactment is violated."

1  *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62-63 (1999).

2  Plaintiff has cited no statute that provides a basis for liability or a private cause of action for alleged violation of Commercial Code § 3302. *See,* Complaint.

Thus, no claim for violation of UCC section 3-3302 has been or can be asserted against Chase or Deutsche and the motion to dismiss must be granted in its entirety without leave to amend.

## V. CONCLUSION

Based on the foregoing, Deutsche and Chase respectfully request that this Court grant the motion to dismiss in its entirety.

DATED: August 1, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY and CHASE HOME FINANCE LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On August 1, 2008, I served the foregoing document described as **REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 1, 2008, at Santa Ana, California.

_____
Rhonda K. White

PROOF OF SERVICE

1054336.1

**SERVICE LIST**
**Josephine Cleveland v. Deutsche Bank, et al.**
**USDC-Southern District Case No. 08CV0802JM-NLS**

Josephine Cleveland
908 Paradise Knoll Court
National City, CA 91950

**Plaintiff in Pro Per**

PROOF OF SERVICE

1054336.1