JOSEPHINE CLEVELAND, Pro Se
908 Paradise Knoll Court
National City, CA 91950
Phone: 619-434-4779

JOSEPHINE CLEVELAND, Pro Se
Jay Cleveland, Intervenor



FILED
AUG - 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALLIFORNIA

| | |
|---|---|
| JOSEPHINE CLEVELAND,<br><br>　　　　Plaintiff,<br>vs.<br><br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 08-CV-0802-JM-NLS<br><br>**PLAINTIFF JOSEPHINE CLEVELAND'S OPPOSITION TO MOTION TO THE MOTION TO DISMISS OR ALTERNATIVELY FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date: SEPT 5, 2008<br>Time: 1:30 PM<br>COURTROOM 16 |

Plaintiff, JOSEPHINE CLEVELAND ("Cleveland"), submits the following opposition to defendants Deutsche Bank National Trust Company, New Century Mortgage Corporation and Chase Home Finance, LLC's (collectively, "Defendants") motion to dismiss or alternatively for leave to amend the complaint.

1.

## SUMMARY OF OPPOSITION



- 1 -

OPPOSITION TO MOTION TO DISMISS

Plaintiff's= action arises from defendants= wrongful foreclosure on plaintiff's real property. Defendants have no proven right or legal authority to foreclose on Plaintiff's real property, located at 908 Paradise Knoll Court National City, California. Plaintiff bases this opposition on statutory violations and lending industry practices which excuse their flagrant industry violations and omissions to continue consumer deception. Their misconduct over the years in intentionally misrepresenting their fraud on the consumer includes fraud on the court as well as fraud on the consumer.

Issues Raised by Plaintiff. CLEVELAND seeks to resolve the matter of title to the property and accounting of an alleged unpaid promissory note. CLEVELAND claims all the rights and protections under federal and state laws prohibiting wrongful predatory acts and statutory violations. As a consequence of defendants' continuing wrongful conduct, CLEVELAND asserted causes of action against defendants stemming from their fraud and fraud related causes of action. CLEVELAND further seeks to enjoin and restrain the Defendant from further deceptive acts and practices which are likely to deceive the public if allowed to continue.

However, ineptly pled, plaintiff's pleadings give notice of defendants' wrongful disclosure. Should the Court find that the complaint as pled lacks sufficient particularity, plaintiff requests leave of the court to amend the complaint with more specificity to correct known errors and set forth in more complete detail the legitimate claims of plaintiff and her spouse. CLEVELAND is now informed that defendant Chase is merely a loan servicer and has no liability for its acts as agent of the lender, and any such liability must be attributed to its principal, the other liable defendants. [Notice to the

agent is notice to the Principle.] Further the factual allegations may be pled with more clarity in an amended complaint

Factual Background. The borrower became aware of the incredible wrongful act and activities of defendants as she and her spouse attempted to work out a troubled loan. However, defendants proceeded without notice against borrowers rights with deceptive conduct, collusion and refusal to respond to inquiries from CLEVELAND overriding her protesting inquiries. CLEVELAND was denied validation of the alleged debt and denied an audited accounting of the charges, fees, payments and tender on the alleged loan. As a result, there is nothing to actually validate the loan.

2.

## COMPLAINT DOES STATE CAUSES OF ACTION AGAINST DEFENDANTS

The clear and certain underlying facts apply to each cause of action set forth in the Complaint. The complaint properly asserts each cause of action against defendants however ineptly. Defendants set wrongful foreclosure of the real property and with intentional, extreme and outrageous conduct and falsely hide behind broad allegations that the complaint does not state a cause of action. Defendants tacitly admit that (they) by non response admit to the facts alleged by plaintiff. Further defendants have not provided accounting for plaintiff's payments and tender nor did they provide verification of the alleged debt. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.

Under commercial law, a foreclosure sale that results in the lender taking back the property results in a "no sale". Accordingly, the subject property has merely reverted to defendants in a "no sale". Plaintiff is seeking damages in quiet title relief in that the

recorded documents must be cancelled and title restored to plaintiff. Defendants admit that New Century Mortgage Corporation 's ("New Century") Deed of Trust <u>was assigned</u> to Deutsche Bank National Trust Company, Trustee for New Century on February 7, 2008; Deutsche allegedly was sold the subject property; Deutsche allegedly was forced to bring an unlawful detainer against plaintiff in Superior Court of California and seeks possession of the subject property. At no time did defendants prove that they proceeded with a lawful foreclosure action. Accordingly, the court must deny defendants' motion to dismiss the complaint.

3.

### THE COURT MUST DETERMINE OR CONFIRM WRONGFUL FORECLOSURE SALE WHERE DEFENDANT ACTIVITIES VIOLATE

FEDERAL AND STATE STATUTES AND CODES.

In determining whether a wrongful disclosure is unfair or deceptive acts or unlawful practices and violate Federal and state statutes and codes, the court is required to take into account representations made or suggested as well as the extent to which the defendant fails to reveal facts material in light of such representations or material with respect to consequences which may result from the conditions as are customary or usual. Where such an act(s) violates Federal and state statutes and codes, the court of law and the court of statutory procedures <u>has no enforcement</u>

If Defendants are not the holder in due course ("HIDC"), the court is being told that they have a right to foreclosure when they do not. The only one with foreclosure rights is the HIDC. To be the HIDC you must have the original wet ink signature note. All others are Holder for Value ("HFV") and have very limited rights.

The court must not determine or confirm a foreclosure sale if:

(1) title is misrepresented and/or there is no commercial sale;

(2) the original, unaltered note is not produced;

(3) there is a holder in due course, not simply a holder for value; and/or

(4) there is illegal securitization; and

(5) the contract terms were unconscionable and/or statutory violations are determined by wrongful foreclosure sale which was conducted fraudulently, or justice otherwise was not done.

Plaintiff has identified the known date of the incident and the activities prior to the incident. Specific facts are anticipated to be disclosed in discovery. Because the defendants directly or indirectly caused or had employees and/or agents who were present during the incident, the court may reasonably find that they participated in the incident. See, Rutherford v. Berkeley, 780 F.2d 1444, 14448 (9th Cir. 1986).

Accordingly, the court must deny the motion to dismiss the complaint.

4.

THE COURT MUST REQUIRE DEFENDANT CREDITORS FORECLOSING ON BORROWERS TO SHOW PROOF OF OWNERSHIP.

Because most foreclosures proceed without challenges from borrowers few judges have forced defendant creditors foreclosing on borrowers to show proof ownership. The big issue is who really owns the mortgage note, and is allegedly what they illegally securitized. A collateral question is: has that mortgage note really been transferred and assigned to the securitization trust?

In the past year California judges have dismissed lenders in foreclosure cased due to the inability of the trustee and the servicer to prove ownership of the mortgages. If

the homeowner <u>does not object</u>, the judge rubber-stamps the mortgage foreclosure that is being pushed through the system.

Defendant has no proven right or legal authority to foreclose on plaintiff's real property. A copy of the note does not suffice. Defendant's intentional misrepresentation of their fraud on the consumer and their false representations to the court constitutes a fraud on the court.

### 1. FORECLOSURE REQUIRES THE ORIGINAL NOTE.

Defendant's long standing practice of non judicial foreclosure does not equate with legal compliance. Plaintiff provides the court a concrete indication of the manner in which the defendant enforces its deception mandate. In doing so plaintiff raises concerns that about the meaning of deception where defendant alleges it owns the promissory note and the original contract. This court is compelled to stop defendants at the gate.

### 2. NO EVIDENCE OF HOLDER IN DUE COURSE IN POSSESSION OF NOTE:

There is no competent evidence before the court that (1) any party is the holder of the alleged note or the true holder in due course and (2) an audit accounting to prove that a certain balance is due and owing on any alleged note. Of course, no tender can be submitted without an audited correct accounting.

Unequivocally Federal and state courts rule is that in order to prove the "instrument" possession is mandatory.

### 3. NO EVIDENCE OF AUDIT ACCOUNTING PROVING CLAIM OF DAMAGES.

In addition another necessary element of proof is: a claim of damages, i.e. an accounting that is signed and dated by the person who is responsible for the account incorporating the general ledger and accounting. Discrepancies and overcharges and excess fees demand an audit.

### 4. NO EVIDENCE OF DOCUMENTATION OF OWNERSHIP.

Thus, more compliance documentation of ownership is required from lenders trying to foreclose.

Here the lender has only supplied documents showing <u>an intent to convey the rights in the mortgages</u> rather than <u>proof of ownership</u> as of the foreclosure date. Defendant arguments of legal standing fall short. The court is compelled to stop their weak legal arguments.

Here Lender defendants, as a matter of law, are obligated to properly account and pay out statutory violations and damages to plaintiff. Accordingly, the complaint and its causes of action are properly pled and/or the court must grant plaintiff leave to amend her pleading.

### 5.
### CONCLUSION

Based on the foregoing, Plaintiff Josephine Cleveland respectfully requests that the Court deny the motion to dismiss in its entirety, and /or alternatively, allow grant her leave to amend the complaint to plead with specificity to correct any defective pleading. Plaintiff respectfully requests that the court issue an order restraining defendants from taking any action negatively affecting plaintiff's rights to the subject property.

Dated: July 22, 2008

*Josephine Cleveland*
Josephine Cleveland, Plaintiff
908 Paradise Knoll Court
National City, CA 91950
Phone 619-434-4779

### DECLARATION AND PROOF OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing opposition to the motion to dismiss the complaint has been furnished to Christopher Yoo, Adorno, Yoss Alvarado & Smith, Attorneys for Defendants by U.S. mail with sufficient postage affixed to 1 MacArthur Place, Suite 200, Santa Ana, CA 92707 this 22th, day of July, 2008.

*[signature: Josephine Cleveland]*
Josephine Cleveland, Plaintiff
908 Paradise Knoll Court
National City, CA 91950
Phone 619-434-4779

Proof of Service



# Fax

**Subject:** PLAINTIFF MOTION TO CONTINUANCE
**Date:** 8/6/2008

**To:** JOHN M. SORICH, S.CHRISTOPHER YOO, ROCIO HERRERA &
ADORNO YOSS ALVARADO & SMITH
Attorneys for DEUTSCHE BANK NATIONAL TRUST, COMPANY, TRUSTEE
FOR NEW CENTRUY AND CHASE HOME FINANCE
**Phone Number:** 714-852-6800
**Fax Number:** 714-852-6899

**From:** JAY CLEVELAND
**Phone Number:** 619-581-3725
**Fax Number:** 619-434-4817

FAXED 8-7-2008 12:40 pm

**Comments:**

See attachment case # 08-cv-0802-jm-nls

HEARING DATE  SEPT 5, 2008

TIME: 1:30

COURTROOM 16