Josephine Cleveland, Pro se
Jay Cleveland, Pro se
908 Paradise Knoll Court
National City California 91950
Phone: 619-434-4779

FILED
08 AUG 28 PM 2: 24
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Josephine Cleveland, Jay Cleveland, | Case No. 08-CV-0802-JM-NLS |
| Plaintiffs, | THIRD AMENDED |
| vs. | COMPLAINT FOR DAMAGES |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORPORATION, CHASE HOME FINANCE,LLC | 1. TILA VIOLATIONS<br>2. INJUNCTIVE RELIEF<br>3. STATUTORY DAMAGES<br>4. FRAUD<br>5. ACCOUNTING<br>6. CANCELLATION OF INSTRUMENTS<br>7. QUIET TITLE<br>8. DECLARATORY RELIEF |
| Defendants. | |

COME NOW the Plaintiffs Josephine Cleveland and Jay Cleveland, husband and wife, pro-se (collectively Cleveland or "Plaintiff"), and sues Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORPORATION (hereinafter "BANK") and as grounds therefore alleges:

**PRELIMINARY STATEMENT**

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. section 1601 hereinafter called the "Act") to enforce Plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, reasonable fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called "Regulation Z"). 15 U.S.C. § 1635(f) simply sets forth the three-year time limit an obligor has to exercise his right of rescission. Plaintiff seeks to exercise this right of rescission through TILA and Regulation Z due to **lender misrepresentations and failure to provide accurate material disclosures and deceptive predatory lender practices**.

2. Plaintiff seeks damages for Defendant's violations of state and federal law. Due to BANK's violations Federal and State statutes regarding the mortgage industry, **wrongful foreclosure**, and lending industry practices causing damages to plaintiffs including, but not limited to, **Fair Debt Collection Practices Act Civil Code 1788, Title 15 U.S.C. § 1692** and fundamental fiduciary duties owed to Plaintiff to enforce Plaintiff's rights to their home, for declaratory relief,

declaration that the alleged rights of the purported substituted trustee are invalid and illegal causing plaintiff to incur damages.

3. Further this is an action for Declaratory Relief pursuant to A.R.S. Chapter 10, Article 2, Sections 12-1831 et. Seq., for Injunctive Relief pursuant to A.R.S. Chapter 10, Article 1, Sections 12-1801 et seq., and for rescission and other relief. In addition to the substantial statutory violations it is a wrongful foreclosure, since the original lender sold the mortgage into the secondary market that Defendant can establish that any entity, known or unknown, is the owner of the mortgage and the real party in interest, a prerequisite to the right to foreclose. [Federal Rules of Evidence, Rule 1002, Wells Fargo Bank, National Association v. Reyes, 2008 WI 2466257 (N.Y> Sup.) Plaintiff is entitled to know who owns the mortgage or if the contractual rights that attach to a mortgage, including the right to exercise foreclosure, exists any longer, or has the complex system to fractionalizing loans and converting them into securities, which are then traded on the open market, destroyed that relationship. Under these circumstances, the Court should preserve the status quo until Defendants, known or unknown, have proved both existence and ownership of the actual mortgage.

**JURISDICTION**

4. Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. Section 2201.

5. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly known as the Truth in Lending Act (TILA): 12 USCA § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692 Commonly known as the Fair Debt Collection Practices Act.

6. Plaintiff further pleads jurisdiction pursuant to the doctrine of pendente jurisdiction as to various related State Law causes of action.

7. The Court has jurisdiction of over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S. C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

8. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct

28

5

is or may be imposed or which, by written agreement, is payable in more than four installments.

**FACTUAL ALLEGATIONS**

12. On or about October 22, 2005, Plaintiff entered into a consumer credit transaction ("the transaction") with Defendant New Century Mortgage Corporation which the extended consumer credit was subject to a finance charge and which was initially payable to the Defendants.

13. As part of this consumer credit transaction, the Defendants retained a security interest in 908 Paradise Knoll Court, National City, California, which is Plaintiff's home.

14. The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

15. Plaintiff contends that the material terms of the loan, including the interest rate, annual percentage rate, and closing costs were misrepresented and were greater than the original Good Faith Estimate of Closing Costs given to Plaintiff, and that the discrepancies, although questioned by Plaintiff, were never explained.

16. Plaintiff began making payments to the Trustee, but believes that the mortgage payments were misapplied. Plaintiff has questioned the misapplications of the funds but has never

been given a satisfactory accounting of how the funds were

applied.

17.   Plaintiff made payment under the Deed of Trust to the

Defendant through the loan servicer or trustee of the subject

property.   However, Plaintiff believes that the trustee or loan

servicer who had the responsibility to apply Plaintiff's

mortgage payments properly, breached their fiduciary duty to

Plaintiff and misapplied Plaintiff's payments.   Plaintiff

requested an accounting, but has not received same.

18.   Plaintiff believes that some of the misapplication of

the mortgage payments include, but are not necessarily limited

to, incorrect interest rate adjustments, incorrect tax impound

accounts, misapplied payments, misapplied escrow payments,

misapplied insurance payments and other misapplied payments,

fees and charges.

19.   Due to disputes between Plaintiff and Defendant, said

defendant now claims that Plaintiff is in arrears on the payment

of said account and has refused payment in an amount that

Plaintiff reasonably believes is owed.   Defendant Trustee has

now filed a Notice of Default and the Subject property was sold

to themselves at a Trustee's foreclosure sale on or about

February 19, 2008. In commercial law such a sell merely in

transfer of deed in name only is called a no sale. Subsequently

following an unlawful detainer action Deutsche completed a sheriff's eviction on May 7, 2008.  Later plaintiff and their family were returned to possession.

20.  Plaintiff seeks to enjoin Defendant Bank from removing Plaintiff and family from possession or pursuing a wrongful detainer eviction again until the dispute between Plaintiff and Defendant is adjudicated on the merits of Plaintiff's claims.

**FIRST CAUSE OF ACTION**

**FOR TILA VIOLATIONS** Against All Defendants

21.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-20.

22.  This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

23.  In the course of the consumer credit transaction Defendants violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that:

      a. Identified the transaction.

      b. Clearly and conspicuously disclosed the security
         interest in the Plaintiff's home.

      c. Clearly and conspicuously disclosed the Plaintiff's
         right to rescind the transaction.

d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose designating the address of Defendant's place of business.

e. Clearly and conspicuously disclosed the effects of the transaction.

f. Clearly and conspicuously disclosed the date the rescission period expired.

g. The Notice of the Right to Cancel was not up dated prior to the scheduled closing, and which by law Plaintiff had a right to rescind within three days after the closing date. As such Plaintiff believes that a proper Notice of Right to Cancel was never given.

24. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a. By failing to include in the finance charge certain charges imposed by the Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. section 1605 and Regulation Z, section 226.4, thus improperly disclosing the finance charge in violation of 15 USC section 1638

(a) (3) and Regulation Z section 226.18 (d). Such amounts include, but are not limited to

    i.   The broker fee.

    ii.  The credit report fee, which is not a bona fide and reasonable fee.

    iii. The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.

    iv.  The settlement or Closing fee.

b. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendant improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and

c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. section 1606, Regulation Z, section 226.22, the Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

25. The disclosures improperly made by Defendants as itemized in paragraph above are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

26. The finance charge and APR were under-disclosed by more that the tolerance levels set forth in U.S.C. section 1635 (f).

27. By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to U.S.C. (f).

28. Plaintiffs rescind the transaction by filing this lawsuit. The filing of this lawsuit is timely within the extended time for TILA. Since the foreclosure sale was wrongful, all retroactive rights under TILA are reinstated and applicable. Alternatively, the same violations are pled as willful non disclosures in violation of federal and state lending laws.

29. On information and belief, Defendants will fail to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

30. On information and belief, the Defendants will fail to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendants, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

31. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Original lenders and their successors, Defendants are liable to Plaintiff for:

a. Rescission of this transaction.

b. Termination of any security interest in Plaintiff's property created under the transaction

c. Return of any money or property given by the Plaintiff to anyone including the Defendant, in connection with this transaction.

d. Statutory damages for disclosure violations.

e. Statutory damages for failure to respond properly to Plaintiff's rescission notice.

f. Forfeiture of return of loan proceeds.

g. Actual damages in an account to be determined at trial.

h. Costs of this action.

**SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

**Against All Defendants**

32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-31.

33. The trustee's wrongful sale must be restrained to prevent great and irreparable injury to the plaintiff should the trustee sale occur as scheduled and restraining defendant and its agents from taking any action negatively affecting plaintiff's rights to the property.

34. Cleveland requests the court for a Restraining Order enjoining and restraining the named Defendant parties from negatively affecting the plaintiff's interest by taking possession of the subject Property as a result of the wrongful foreclosure sale on May 31, 2008. This court should stay defendants from taking any subsequent action negatively affecting Plaintiff's rights to the property until a further order of this court in which the court determines:

(1) the holder in due course with the wet ink signature on promissory note and original contract and

(2) the trustee produces the legally required audited accounting of all fees, fees, penalties, payments, interest, and other charges on the related loan. The rights of the trustee

must be declared invalid as over the plaintiff's protest a wrongful foreclosure sale to itself. In commercial law that was a "no sale" transaction.

35. Plaintiff will suffer irreparable injury if subsequent events following the wrongful foreclosure sale are not enjoined immediately. Defendant and its agents had no standing to proceed in foreclosure sale on the property by their omissions and conduct failing to provide valid verification of the alleged debt documents and the original promissory note in addition to their waiver by non-response and non disclosure.

36. Further Defendant has wrongfully failed to apply Plaintiff's offered payments accurately and wrongfully pursued a foreclosure sale without proper documentation reviewed by the court. Thus, Plaintiff is likely to prevail on their claims. Since Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief requested is necessary and appropriate to prevent irreparable eminent injury to plaintiff.

**THIRD CAUSE OF ACTION**

**STATUTORY DAMAGES Against All Defendant(s)**

37. Plaintiff alleges and incorporates by reference the allegations contained in paragraphs 1-36.

38.   Plaintiff is entitled to statutory damages from defendant for its acts and conduct, including fraudulent conduct and commercial injury to the plaintiff.

39.   Defendant appears to have explicitly broken 4 Federal laws:

1)   15 USC  §1601 et seq.  Truth in lending requires that banks/lenders disclose all details of the transaction.

2)   12 USC § 1831n(2)(A)  Requires banks/lenders to follow "Uniform accounting principles consistent with GAAP "

3)   12 USC § 2605 RESPA: requires that banks/lenders acknowledge and respond to "a Qualified written request" to determine markups, excessive and undivided unearned fees information in civil money penalties up to $10,000, treble damages to plaintiff.

4) 15 USC § 1611  Whoever willfully and knowingly (1) gives false or inaccurate information or fails to provide information which he  is required to disclose under the provision of the subchapter or any regulation.

40.   Defendant acted in violation of:

a. 15 USCA 1611 et seg. The requirements of the Truth in Lending Act requirements in that among other things:

1). They have refused and continued to refuse to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees.

2). They have improperly retained funds belonging to Plaintiff in amounts to be determined.

3). To disclose the status of the ownership of said loans.

b. Violation of 15 USCA § 1692 and California Civil Code § 1788 in that they are "debt collectors" either directly or through agents as that term is used in both the United States Code and the California Civil Code at § 1788 et seq. and failed to respond to their demands in such a way as to meet the requirements of the act. Plaintiff alleges that he is entitled to statutory damages under each act.

41. Defendants appear to have broken California state laws:

1) Business and Professions Code 17200 for unfair and deceptive business practices; 2) Unjust enrichment; 3) breach of fiduciary duty; 4) conversion, 5) negligence and 6) violations of the California Consumer Protection Act; 7) violations of California Civil Code 2943 for not supplying Payoff Demand Statements, if requested by mail [both CLEVELAND and trustee].

42. These violations are such as to require rescission and or cancellation of the loan herein and return of all funds

received by Defendants, their predecessors, their agents, or assigns from Plaintiff.

**FOURTH CAUSE OF ACTION**

**FRAUD Against All Defendants**

43. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-42.

44. Plaintiff entered an agreement associated with the property and the other parties agreed to act for their sole benefit with regards to the documentation relating to their home.

45. Recently plaintiff came to find out that no one disclosed certain facts that they were necessarily required to disclose and went even further to conceal such facts known by each of the defendants.

46. The defendants concealed facts relevant to the validity of the property while under a clear duty/obligation to disclose such facts to the plaintiff, chose to intentionally conceal these material facts.

47. Defendant presented the plaintiff documentation which clearly indicated that they were owners in due course knowing that such documentation was in fact false and fraudulent.

48. Defendants owe a fiduciary duty to the plaintiff and an absolute duty to disclose anything which might be relevant to fraudulent activity by any of its associates and/or employees or predecessors or agents.

49. Defendants knew that plaintiff was not aware of the material facts not disclosed by them, particularly that the plaintiff would not be able to readily discover such material and legal facts which would effect plaintiff's legal position including plaintiff's rightful title to the property.

50. Defendants concealed such material facts within their own files and records and thereby maintained complete custody and control of such fraudulent documents with tend to prove plaintiff's position and/or proves to this court that the position of the defendants has no legal significance over the plaintiff's legal title position.

51. Defendants knowingly acted with a total disregard for the truth of the material facts presented n the documents provided to the plaintiff.

52. Defendants knew that plaintiff would relay on the misrepresentations placed forth in the documents presented to the plaintiff, namely that the defendants have ownership rights as holders in due course.

53. Defendants knew that their actions through the misrepresentation of the facts would immediately cause the plaintiff to lose financial interest in the property and that without the willful, intentional and fraudulent actions of the defendants the plaintiff would not have been made to suffer any injuries.

54. Defendants knew that their misrepresentations would in fact become the predominant, decisive and substantial factors of influencing the course of the conduct of the plaintiff.

**FIFTH CAUSE OF ACTION**

**FOR ACCOUNTING AGAINST ALL DEFENDANTS**

55. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-54.

56. Defendants have refused to provide an accurate certified accounting or allow Plaintiff's representatives to audit defendants' books and records as they relate to accounting. A controversy exists between plaintiff and defendants with respect to the correct amount of money that is actually owed by Plaintiff to Defendants.

57. As a result, the correct amount of money due and owing from Plaintiff to defendant remains in dispute and cannot be determined without an accounting.

58. Thus, Plaintiff requires that Defendant make available its books and records (only as they relate to the Plaintiff's alleged loan) in order that Plaintiff may have a certified public accountant, or similarly qualified representative, audit the books, records, federal reserve collateral and BIC (borrower

in custody) agreements to determine the accounting of the financial transaction(s).

///

///

**SIXTH CAUSE OF ACTION**

**FOR CANCELLATION OF INSTRUMENTS AGAINST ALL DEFENDANTS**

59. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-58.

60. Plaintiff invokes rules and remedies of equity pleading and commercial law regarding the cancellation of instruments described as the promissory note and related deed of trust being void or voidable and as it relates to applicable law including trust law.

61. The beneficiary herein operates under badges of fraud which will require more detailed discovery to ascertain the truth of its role.

62. The trustee under the deed holds FULL CREDIT BID stealing properties and equity from the plaintiff, defendants also take from the community as a whole and under public policy are held accountable to this Court and its powers to cancel the instruments for good cause showing because the defendants take the properties for no cash, check or money order payments for

the note of the property upon the steps of the nearby court. This Court has jurisdiction to rule in favor of plaintiff.

63. Defendants are not the person entitled to enforce the promissory note and trust instruments and therefore the Court must demand the instruments be brought to court for inspection for authenticity under rules of commercial practices and standard rules of evidence pursuant to the requirements of Federal Reserve Banks Operating Circular No. 8 and No. 10 Effective October 15, 2006, "7.0 Collateral (7.1-7.3)".

64. Plaintiff request the production for authentication of the original promissory notes and deeds of trust for this matter as described for the purposes of inspection of alternations and other legal concerns.

65. Plaintiff requests cancellation of instruments, The trust deed in this case is unlawful and against public policy and as such is subject to this request for cancellation due to fraud in the factum and material misrepresentation while plaintiff is held under financial duress.

66. These financial transaction documents are typical of form documents used in mortgage note financial transactions which are against public policy and are illegal because they demonstrate a trust which is subject to Restatement of the Law Second Trusts 2d Volumne1, Section 60 which states an intended

trust or a provision in the form of the trust is invalid if the performance of the trust or the provisions involves the commission of a criminal or tortuous act by the trustee.

67. The money trust was identified by the Pujo Committee Report (1912) incorporated by reference as if stated at length. The law as it applies to the deed of trust instrument requested to be cancelled is seen as a trust or a provision in the terms of a trust which is invalid if the enforcement of the trust or provision would be against public policy, even though its performance does not include the commission of a crime.

**SEVENTH CAUSE OF ACTION**

**FOR QUIET TITLE Against All Defendants**

68. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-67.

69. Plaintiff is the owner in fee and is in possession and control of certain real property commonly known as 908 Paradise Knoll Court, National City, California as described in the grant deed by which he obtained simple title to the above described real property by Grant Deed and recorded it in the office of the Recorder of the County of San Diego.

70. Defendants claim an interest or estate in Plaintiff's above described property disputing or denying Plaintiff's right

to ownership and by contending that ownership will rest in them by means of a trustee's sale on February 19, 2008.

71. Plaintiff alleges that Defendant has no such right of title or estate in said property in that sale proposed will be fraudulent or otherwise illegal and transfer no right to Defendants.

72. Defendant has wrongfully interfered with or threatens to interfere with Plaintiff's use and enjoyment of the above described property in that they threaten to dispossess him.

73. Defendant's threat to dispossess Plaintiff of their home unless and until enjoined or restrained by order of the court will cause grave and irreparable injury to Plaintiff in that he will be deprived of the use and enjoyment of unique property.

74. Plaintiff has no adequate remedy at law for the threatened and continuing conduct in that he will have no home and will lose all he has put into said home. Said loss is not one which can be compensated by mere payment of damages.

75. Plaintiff further alleges that the conduct herein is of such a character as to give him title to the above described property in fee.

**SIXTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT Against Defendants**

76. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-75.

77. Plaintiff respectfully requests that the court declare that Plaintiff is protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. §1692 with all its reserved rights, benefits, and privileges.

78. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record. No one has been identified as the holder in due course.

79. The Court should declare whether or not the defendant can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

80. The Court should determine whether or not the defendant(s) violated state securities laws as seen by California Financial Code §33560 and 22340 is applicable where there is fraudulent selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement.

81. A judicial determination is appropriate to determine the plaintiff's rights and duties before the subject property is sold at a trustee's sale. Plaintiff requests a Declaratory

Judgment to declare the respective rights and interests of the respective parties in and to the subject note and mortgage and to adjudicate Defendant's violations of CA Civ. Code Section 2924, including but not necessarily limited to requiring Defendants to appear and provide a detailed account as to the amount Defendants contend is due and owing under the Deed of Trust.

82. Plaintiff is informed and believes that he has alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendant's failure to perform, and the inadequacy of a remedy at law.

83. The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

**FOR TILA violations:**

1. Assume jurisdiction of this case.
2. Declare the security interest in Plaintiff's home void.
3. Rescind the subject loan transaction.
4. Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not limited to the mortgage related to the subject transaction.
5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendants, in connection with the transaction.
6. Enjoin Defendants, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.
7. Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in connection with this transaction, but not less than $200

or more than $2,000 as provided under 15 U.S.C. section 1640 (a).and treble damages for each RESPA violation;

8. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

**ALTERNATIVELY FOR ALL OTHER CAUSES OF ACTION:**

11. Compensatory damages not less than $950,000. according to proof;

12. Judicial declaration of the parties' rights, duties and obligations;

13. Injunctive relief without bond granting plaintiff a Permanent Restraining Order enjoining and restraining the

foreclosure sale as scheduled and any subsequent sale to maintain the status quo pending adjudication;

14. Cancel and release any deeds of trust in favor of plaintiff;

15. Statutory damages for violations

16. Award Plaintiff costs

17. Award such other and further relief as the Court deems just and proper.

Dated: August __2008

Josephine Cleveland,
Plaintiff Pro Se

Jay Cleveland,
Plaintiff Pro Se

**VERIFICATION**

I, Josephine Cleveland, am the plaintiff in the above-entitled action. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, California.

Dated: August _, 2008

Josephine Cleveland
Plaintiff Pro Se

**VERIFICATION**

I, Jay Cleveland, am the plaintiff in the above-entitled action. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, California.

Dated: August _, 2008

Jay Cleveland
Plaintiff Pro Se

EXHIBITS TO COMPLAINT

EXHIBIT "A" - HUD STATEMENT

EXHIBIT "B" - DEED OF TRUST

EXHIBIT "C" - TILA

ALREADY SUBMITTED

EXHIBIT "C" - NOTICE TO VACATE

EXHIBIT "D" - QUITCLAIM DEED FOR LAND PATENT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing verified Third Amended Complaint for Damages to DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, C/O Randall D. Naiman, Esq. (81048), NAIMAN LAW GROUP, PC., 4660 La Jolla Village Drive, Suite 500, San Diego, CA 92122, NEW CENTURY MORTGAGE CORP., 350 Commerce, Suite 200, Irvine, CA 92602, and to CHASE HOME FINANCE, LLC. 10790 Rancho Bernardo Road, San Diego, 92127 this 28st, day of August, 2008.

Josephine Cleveland, Plaintiff
908 Paradise Knoll Ct.
National City, CA 91950
Phone; 619-434-4799

Ex+ C

| TO (Name and Address): TELEPHONE NO.: | LEVYING OFFICER (Name and Address): |
|---|---|
| JOSEPHINE D. CLEVELAND all unknown occupants<br>908 PARADISE KNOLL CT<br>National City, CA 91950 | San Diego County Sheriff<br>Sheriff's Civil Office<br>500 Third Ave Ste 140<br>Chula Vista, CA 91910-5654<br><br>(619) 691-4543<br>Fax: (619) 691-4625 |
| NAME OF COURT, JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:<br>San Diego County Superior Court<br>500 Third Ave<br>Chula Vista, CA 91910 | |
| PLAINTIFF:<br>DEUTSCHE BANK NATIONAL TRUST COMPNAY TRUSTEE FORNEWCENTURY<br>DEFENDANT<br>JOSEPHINE D. CLEVELAND AND DOES 1 TO 6, INCLUSIVE | |

| Notice to Vacate | LEVYING OFFICER FILE NO.: 2008241999 | COURT CASE NO.: 37-2008-00030649 |
|---|---|---|

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 908 PARADISE KNOLL CT<br>National City, CA 91950 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| Eviction day, date and time: | Monday, May 05, 2008, at 6:01 AM |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at that time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage cost and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $300.00, the landlord may dispose of your property or retain it for his own use.(715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right to Possession form with this office. No claim of right to possession can be filed if box 9a(1) located on the back of the writ is checked.

William B. Kolender, Sheriff

By: N. Gifford

Sheriff's Authorized Agent

CPM Form 8.32
09/05/2004 (Revised)

Original

Recording requested by
Josephine Cleveland

and when recorded, please return this deed and tax statements to
Josephine D Cleveland
C/O Non-Domestic 908 Paradise Knoll Court
Near National City California [91950]
North America

Use the above mailing location EXACTLY as printed

DOC # 2008-0107003

FEB 29, 2008 2:18 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J SMITH COUNTY RECORDER
FEES 52.00
OC OC

PAGES: 9

(DTT=0) 10650 557-220-56

Documentary Transfer Taxes=0 and Fees do not apply to this Grant of Land because such charges do not apply to Land transferred by the United States government or by its authority as granted through their Land Patents and because there can be no price or cost attributed to such a Land Patent secured Grant as is made by this Quit Claim Deed, APN#557-220-69, this Land is Private not Public

## QUITCLAIM DEED

No consideration Exchange

The Definition of Land as used in this document is "Land" is not restricted to the earth's surface, but extends below and above the surface. Nor is it confined to solids, but may encompass within its bounds such things as gases and liquids. Ultimately "land" is simply and area of three dimensional space. Land is immovable, as distinct from chattels, which are moveable; it is also, in its legal significance, indestructible. The contents of the space may be severed, destroyed or consumed, but the space itself, and so the "land", remains immutable." Peter Butt, Land Law 9(2nd ed. 1988) Reprinted in Black's Law Dictionary, Seventh Edition

Under the authority of the assigns named in United States of America "United States of America "Land Patent Rancho De La Nacion" receipt of which is hereby acknowledged,[GRANATOR] "JOSEPHINE D CLEVELAND as the holder of all relevant title secured rights to the Land and property below described, does bring said Land and property out of Equity status together with all the rights, privileges, immunities and appurtenances of whatsoever nature, thereunto belonging and, does hereby remise, release and forever quitclaim the same to [GRANTEE] Josephine D Cleveland (a sovereign Woman), in her private natural At Law status as Land and property owner
Said Land and property is located within original jurisdiction boundaries of "San Diego", "California", as described as

"Those portions of Land within "Land Patent Rancho De La Nacion" Within the Township Seventeen South (17S) of Range Two West (R2W) of the San Bernardino Base and Meridian in California; Located at and including "Lot 5 of Paradise Knoll, in the city of National City, County of San Diego, State of California, according to map thereof No 14269, filed in the office of the county recorder of San Diego County, September 11, 2001 Also know as 908 Paradise Knoll Court, National City, California 91950

This Deed serves as notice to all that may have concern that the above described Land is secured and protected under said "Land Patent" all relevant documents are certified and in the private possession of "Patentee" and are only viewable by appointment

Done and dated __________, now, and nunc pro tunc on the date of the underlying

Signed Josephine D. Cleveland
JOSEPHINE D CLEVELAND (A Trust)

Date 02-29-08 Signature [signature]

Date ______ Signature ______

State of California
County of Riverside ) ss

On 29 FEB 08 before me, Eric C. Carlson, Notary Public (name and title of the officer), personally appeared Josephine D Cleveland ______, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal
Signature [signature] (Seal) California

ERIC C. CARLSON
Commission # 1688520
Notary Public – California
Riverside County
My Comm Exp May 20 2010

10651

# California all purpose Certificate of Acknowledgment

State of California

County of RIVERSIDE } ss

On 29 FEB 08 Date, ERIC C. CARLSON, NOTARY PUBLIC (Here insert name and title of the officer) before me, personally appeared JOSEPHINE CLEVELAND, who proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity~~(ies)~~, and that by ~~his~~/her/~~their~~ signature~~(s)~~ on the instrument the person(s), or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature [signature]
Signature of Notary Public

ERIC C. CARLSON
Commission #1688520
Notary Public – California
Riverside County
My Comm Exp May 20 2010

(Notary Seal)

**OPTIONAL SECTION**
**DESCRIPTION OF ATTACHED DOCUMENT**

Title or Type of Document ____________________

Document Date ____________________ Number of Pages ____________________

**CAPACITY(IES) CLAIMED BY SIGNER**

Name of Signer ____________________

Title(s) ____________________

Signer is Representing ____________________

Recording requested by
Josephine D Cleveland

10652

and when recorded, please return this deed and tax statements to
Josephine D Cleveland
C/O Non-Domestic 808 Paradise Knoll Court
Near National City California [91950]
North America

Use the above mailing location EXACTLY as

# DECLARATION OF ACCEPTANCE

OF LAND PATENT ASSIGMENT
UNITED STATES OF AMERICA "Rancho De La Nacion Patent"

KNOWN ALL MEN BY THESE PRESENTS That, Josephine D Cleveland (a sovereign Woman)., does hereby certify and declare as follows That she accepts the assignment of all Rights pertaining to the described Land and property including but not limited to the Land Patent secured rights within the United States of America

(1) The Land Patent Secured Land· The Character of said Land and property so secured by said Land Patent, together with all the rights, privileges, immunities and appurtenances of whatsoever nature thereunto belonging, is here legally described and referenced as

"Lot 5 of Paradise Knoll, in the city National City, County of San Diego, State of California, according to Map thereof No 14269, filed in the office of the County Recorder of San Diego County, September 11, 2001 Located at Township Seventeen South (17S), Range Two West (2W)

(2) NOTICE AND EFFECT OF A LAND PATENT "A grant of land (Land Patent) is a public law standing on the statue books of the State, and is notice to every subsequent purchaser under any conflicting sale made afterward" Wineman v Gastrell, 53 FED 697, 2 U S App 581 A patent alone passes title to the Grantee Wilcox v Jackson 12 PET (U S) 498, 10 L Ed 264 All questions of fact decided by the General Land Office are binding everywhere and injunctions and mandamus proceedings will not lie against it Litchfield v Register, 9 Wall (U S) 575, 19 L Ed 681

Where the United States has parted with title by a patent legally issued and upon surveys legally made by itself and approved by the proper department, the title so granted cannot be impaired by any subsequent survey made by the government for its own purposes Cage v Danks, 13 L A ANN 128

(3) LAND TITLE AND TRANSFER The existing system of land transfer is a long and tedious process involving the observance of many formalities and technicalities, a failure to observe any one of which may defeat title, even where these have been traced to its source, the purchaser must but at peril, there always being, in spite of the utmost care and expenditure the possibility that his title may turn out bad Yeakle, Torrens System 209

If said assignment of related Land Patent is not properly challenged within sixty days (60) in a court of law, it stands as a certainty, because no other party has followed the proper steps to secure lawful title The final certificate or receipt acknowledging the payment in full by a homesteader or Preemptor is not in legal effect a conveyance of land U S v Steenersen, 50 FED 504, 1 CCA 352, 4 U S App 332

Wherefore, said Land Patent secured Rights stand as assigned forever secured in accord with the terms set in said Land Patent signed and sealed under the signature of the President of the United States of America

Signed *Josephine D Cleveland* All Rights Reserved
Josephine D Cleveland (a sovereign Woman),

Date ______________ Signature ______________________

Date ______________ Signature ______________________

State of California
County of *RIVERSIDE*

On *29FEB08* before me, *ERIC C CARLSON, NOTARY PUBLIC* (name and title of the officer), personally appeared *JOSEPHINE D. CLEVELAND* personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature *[signature]* (Seal)

ERIC C. CARLSON
Commission #1666520
Notary Public – California
Riverside County
My Comm Exp May 20 2010

p.4

10653

# California all purpose
# Certificate of Acknowledgment

State of California

County of RIVERSIDE } ss

On 29FEB08, ERIC C. CARLSON, NOTARY PUBLIC before me, personally
Date (Here insert name and title of the officer)

appeared JOSEPHINE CLEVELAND, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature [signature]
Signature of Notary Public

(Notary Seal)

ERIC C. CARLSON
Commission #1668520
Notary Public – California
Riverside County
My Comm. Exp. May 20, 2010

OPTIONAL SECTION
DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document ______

Document Date ______ Number of Pages ______

CAPACITY(IES) CLAIMED BY SIGNER

Name of Signer ______

Title(s) ______

Signer is Representing: ______

2008 New California Acknowledgment 909 517.3553/ 714 639 1165 www Socalnotaryclasses.com

10654

De la Nacion

Patent and Ex [illegible]

The United States of America,

To all to whom these Presents shall come Greeting

Whereas, it appears from a duly authenticated transcript filed in the General Land Office of the United States, pursuant to the provisions of the Act of Congress approved the third day of March, one thousand eight hundred and fifty-one, entitled "An Act to ascertain and settle the Private Land Claims in the State of California," Juan Forster as claimant filed a petition on the sixth day of November 1852, with the Commissioners to ascertain and settle the Private Land Claims in the State of California, sitting as a Board in the City of San Francisco, in which petition he claimed the confirmation of his title to a tract of land known and designated as the Rancho de La Nacion, containing six square leagues, and situated in the County of San Diego, State aforesaid, said claim being founded on a Mexican grant to said claimant, made on the eleventh day of December one thousand eight hundred and forty five, by Pio Pico, provisional Governor of the Californias.

And Whereas, the Board of Land Commissioners aforesaid on the twenty fourth day of October one thousand eight hundred fifty four, rendered a decree of confirmation in favor of the claimant, which decree or decision as appears by a certified transcript on file in the General Land Office, was on appeal affirmed by the District Court of the United States for the Southern District of California, at the December Term, 1856, of said Court, as follows:

Juan Forster
Appellee

vs

The United States
Appellant

This cause coming on to be heard on appeal from the decision of the United States Board of Land Commissioners to ascertain and settle the private land claims in the State of California, under an Act of Congress approved March 3rd, 1851

JAN 0 3 2008
CERTIFIED TRUE COPY
PUBLIC INFORMATION SECTION
CALIFORNIA STATE OFFICE

10655

Now Know Ye that the United States of America in consideration of the premises and pursuant to the provisions of the Act aforesaid of 3rd March 1851, Have Given and Granted, and by these presents Do Give and Grant unto the said Juan Forster, and to his heirs, the tract of land embraced and described in the foregoing Survey, but with the stipulation, that in virtue of the 13th Section of the said Act, the confirmation of this said claim and this patent, shall not affect the interests of third persons.

To Have and to Hold the said tract with the appurtenances, unto the said Juan Forster and to his heirs and assigns forever, with the stipulation aforesaid.

In testimony whereof I, Andrew Johnson, President of the United States, have caused these Letters to be made Patent and the Seal of the General Land Office to be hereunto affixed.

(L.S.)

Given under my hand at the City of Washington this twenty eighth day of February in the Year of our Lord one thousand eight hundred and sixty six and of the Independence of the United States the ninetieth.

By the President: Andrew Johnson
By Edw. D. Neill Secretary.

[illegible] Recorder of the General Land Office.

10656

CERTIFICATION PURSUANT TO GOVERNMENT CODE SECTION 27361.7

Chula Vista
Place of Execution

I certify under penalty of perjury that this material is a true copy of the original material contained in this document.

2/29/08
Date

Signature of Declarant

Josephine D. Cleveland
Type or Print Name

4/94