1   JOHN M. SORICH (CA Bar No. 125223)
    jsorich@adorno.com
2   S. CHRISTOPHER YOO (CA Bar No. 169442)
    cyoo@adorno.com
3   ADORNO YOSS ALVARADO & SMITH
    A Professional Corporation
4   1 MacArthur Place, Suite 200
    Santa Ana, California 92707
5   Tel: (714) 852-6800
    Fax: (714) 852-6899
6
    Attorneys for Defendants
7   DEUTSCHE BANK NATIONAL TRUST
    COMPANY, TRUSTEE FOR NEW
8   CENTURY and CHASE HOME FINANCE
    LLC
9

10                  **UNITED STATES DISTRICT COURT**

11                **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  JOSEPHINE CLEVELAND and JAY CLEVELAND | **CASE NO.:** 08CV0802JM-NLS |
| 14 | |
| | **JUDGE:**    Hon. Jeffrey T. Miller |
| 15          Plaintiffs, | |
| | **MEMORANDUM OF POINTS AND** |
| 16  v. | **AUTHORITIES IN SUPPORT OF** |
| | **MOTION TO DISMISS "THIRD** |
| 17  DEUTSCHE BANK NATIONAL TRUST | **AMENDED COMPLAINT" FOR** |
| COMPANY, TRUSTEE FOR NEW CENTURY, | **FAILURE TO STATE A CLAIM** |
| 18  NEW CENTURY MORTGAGE CORP., | |
| CHASE HOME FINANCE LLC, | |
| 19 | **DATE:**   October 17, 2008 |
| | **TIME:**    1:30 p.m. |
| 20          Defendant. | **DEPT:**   "16" |
| | **NO ORAL ARGUMENT REQUIRED** |
| 21 | |
| | **Action Filed:** 5/1/08 |

22

23

24

25   ///

26   ///

27   ///

28
                                            1
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

Page

I.      SUMMARY OF ARGUMENT ....................................................................................1

II.     SUMMARY OF RELEVANT FACTS ........................................................................2

III.    THE STANDARD FOR A MOTION TO DISMISS ..................................................4

IV.     THE COMPLAINT FAILS AS ASSERTED BY JAY CLEVELAND BECAUSE HE.....4

V.      NO CLAIM FOR VIOLATION OF TILA CAN BE ASSERTED AGAINST
        DEUTSCHE...................................................................................................................5

       A.      Deutsche Cannot be Liable for Damages for TILA Violations Because the
                Claim is Barred by Statute of Limitations ..............................................................5

       B.      Plaintiffs are not Entitled to Rescission Because the Subject Property Has
                Been Sold ................................................................................................................6

VI.     THE CLAIM FOR VIOLATION OF TILA AGAINST CHASE ALSO FAILS.................7

VII.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INJUNCTIVE RELIEF AGAINST
        CHASE OR DEUTSCHE...............................................................................................8

VIII.   PLAINTIFFS CANNOT STATE A CLAIM FOR STATUTORY DAMAGES ...............9

IX.     PLAINTIFFS CANNOT STATE A CLAIM FOR FRAUD .............................................9

X.      PLAINTIFFS FAIL TO STATE A CLAIM FOR ACCOUNTING...............................11

XI.     PLAINTIFFS CANNOT STATE A CLAIM FOR CANCELLATION OF
        INSTRUMENTS..........................................................................................................12

XII.    PLAINTIFFS CANNOT STATE A CLAIM FOR QUIET TITLE..................................15

XIII.   PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY RELIEF ..........................16

XIV.    CONCLUSION............................................................................................................18

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

2                          **TABLE OF AUTHORITIES**

3                                                                            <u>Page</u>

4    **Cases**

5    *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968)........................................................ 9

6    *Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937)..................... 17

7    *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226 (1995) ............................................ 13

8    *Alturas v. Gloster*, 16 Cal.2d 46, 48 (1940).................................................................... 17

9    *Ankoanda v. Walker-Smith,* 44 Cal.App.4th 610 (1996) .................................................. 16

10   *Bank of Italy etc. Assn. v. Bentley*, 217 Cal. 644 (1933)................................................. 14

11   *Bartold v. Glendale Fed'l Bank*, 81 Cal. App. 4th 816 (2000) ......................................... 13

12   *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) ......................................... 4

13   *Bills v. BNC Mortg., Inc., 502 F.Supp.2d 773* (N.D.Ill., 2007) ........................................ 7

14   *Caira v. Offner,* 126 Cal.App.4th 12, 25-29 (2005) ...................................................... 16

15   *Chow v. Aegis Mortg. Corp.,* 286 F.Supp.2d 956 (N.D. Ill. 2003)............................. 2, 7, 8

16   *Committee on Children's Television, Inc. v. General Foods Corp.*
          35 Cal.3d at 216 (1983) .......................................................................................... 10
17
     *Conroy v. Civil Service Commission,* 75 Cal.App.2d 450, 456 (1946) .............................. 17
18
     *Cornelison v. Kornbluth*, 15 Cal.3d 590, 606 fn. 10 (1975) .......................................... 13
19
     *Field v. Acres*, 9 Cal. 2d 110 (1937).............................................................................. 14
20
     *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991) ............................ 5
21
     *Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968)...... 10
22
     *Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424 (1991)......................................... 14
23
     *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc)
24        (9th Cir. 1994) ........................................................................................................ 10

25   *Moeller v. Lien*, 25 Cal. App. 4th 822 (1994)............................................................... 14

26   *Monterey S.P. Partnership v. W. L. Bangham, Inc.* 49 Cal. 3d 454 (1989)...................... 14

27   *Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007).................. 7

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ii

1

## TABLE OF AUTHORITIES

Page

*Nymark v. Heart Federal Savings and Loan Assn.*, 231 Cal.App.3d 1089,
    1096 (1991)............................................................................................................ 11

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation
    Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004) .................................................. 8

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987)........................... 8

*Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990)....................................... 9, 10

*Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th at 157 ..................... 10

*Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689, 694 (7th Cir.1998) ........................ 5

*Tiburon v. Northwestern Pacific Railroad Co.*, 4 Cal.App.3d 160, 170 (1970)............... 17

*Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006)................. 6

*Warth v. Seldin,* 422 U.S. 490, 498 (1975) ........................................................ 4

*Wilson v. Transit Authority*, 199 Cal.App.2d at 723-724 ..................................... 17

**Statutes**

15 U.S.C. § 1635(f).................................................................................. 1, 7

15 U.S.C. § 1640(e) ...................................................................................... 5

15 U.S.C. § 1641(f)................................................................................... 2, 7

15 USC § 1640.............................................................................................. 7

Cal. Civ. Code § 2924................................................................................... 14

Cal. Code of Civ. Proc. § 725 .................................................................... 14, 15

California Civil Code § 2924h(b) ................................................................... 13

California Civil Code § 3412 ......................................................................... 12

CCP § 1060.................................................................................................. 16

CCP § 1061.................................................................................................. 16

CCP § 367.................................................................................................... 4

CCP § 760.030(a).......................................................................................... 16

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

iii

1

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

CCP § 761.020 .............................................................................................. 15

U.S.C. § 1641(e)(1)(A) ............................................................................... 2, 5

**Rules**

FRCP 9(b) ........................................................................................................ 9

**Treatises**

3 Witkin, Cal Procedure (2d ed.) Pleading, s 91 (1971) ....................................... 5

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) ............................ 9

5 Witkin, Cal. Proc. 4th (1997) Pleading, § 775, p. 233 ..................................... 11

Witkin, <u>California Procedure</u>, Pleadings, § 776, pg. 233 (4th ed.) ................................. 2, 11

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

08CV0802JM-NLS

1061618.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Chase Home Finance LLC ("Chase), and Deutsche Bank National Trust Company, trustee for New Century ("Deutsche" and collectively "Defendants") hereby submit the following memorandum of points an authorities in support of the Motion to Dismiss the "Third Amend Complaint"[1] ("Amended Complaint") of plaintiffs Josephine D. Cleveland ("Mrs. Cleveland") and Jay Cleveland ("Mr. Cleveland", collectively "Plaintiffs").

## I.     SUMMARY OF ARGUMENT

Plaintiff Josephine Cleveland previously filed a complaint, in conjunction with an amended motion for temporary restraining order ("Application") that has already been denied. The Amended Complaint is a desperate attempt to delay the eviction from the property located at 908 Paradise Knoll Court, National City, California ("Subject Property"). In the original complaint, Josephine Cleveland ("Mrs. Cleveland") was the exclusively named plaintiff. *See*, Complaint (Pacer Docket No. 1). Subsequently, in the Amended Complaint, Jay Cleveland ("Mr. Cleveland"), husband of Mrs. Cleveland, is included as an additional plaintiff. *See*, Amended Complaint, p. 1:21-24. However, Mr. Cleveland has no standing in the lawsuit as he is not the borrower of the subject loan. *See*, Request for Judicial Notice ("RJN"), Exhibit 1.

The entire Amended Complaint is uncertain and fatally flawed because it is based primarily on claims that are barred by the applicable statute of limitations. Plaintiffs contend that they failed to receive two copies of the notice of right to rescission and that they were not provided with adequate disclosure of the subject loan's finance charges as required by the Truth in Lending Act ("TILA").

Plaintiffs' Amended Complaint, as asserted, fails against Deutsche for violation of TILA because the claim for rescission is time barred. Any claim for rescission pursuant to TILA must be brought within three years of consummation of the transaction OR prior to "the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Plaintiffs' right to rescission expired on the date when

---

[1] Plaintiffs erroneously identify their complaint as a "Third Amended Complaint" when it is really a First Amended Complaint. *See*, Pacer Docket.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  the trustee's sale of the Subject Property was completed, or February 19, 2008.  Similarly, Plaintiffs'

2  request for damages pursuant to TILA has also expired, as any claim for damages must be brought

3  within one year from the date of the violation. 15 U.S.C. § 1641(e)(1)(A).

4         Moreover, Chase was not the beneficiary, trustee, or lender in connection with the deed of

5  trust encumbering the Subject Property that secured the subject loan.  Chase was merely the loan

6  servicer.  As such, no claim for violation of TILA can be asserted against Chase.  15 U.S.C. §

7  1641(f); *see also, Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 959 (N.D. Ill. 2003).

8         Plaintiffs' claims for injunctive relief, quiet title, and declaratory relief all fail since Chase has

9  no interest in the subject deed of trust or the Subject Property.  The claims also fail as asserted

10  against Deutsche (the assignee of the subject deed of trust) as Deutsche had the legal right to

11  commence foreclosure proceeding under its power of sale upon default of the subject loan.  *See*,

12  RJN, Exhibits1-2 and 7.

13         Plaintiffs' claim for "statutory damage" is not a claim, but rather a request for damages.  For

14  this reason, Plaintiffs cannot state a claim for "statutory damages."

15         Plaintiffs' claim for fraud fail because Plaintiffs fail to make any allegation that Chase or

16  Deutsche made any representation, and as such, fail to plead the with any particularity as required by

17  Federal Rule of Civil Procedure ("FRCP") 9.  Also, Plaintiffs cannot assert a claim for accounting

18  against Chase or Deutsche because neither entity owed any money to Plaintiffs. *See*, Witkin,

19  California Procedure, Pleadings, § 776, pg. 233 (4th ed.).  And as a matter of law, no claim for

20  cancellation of instruments can be asserted because nothing in the Amended Complaint indicates

21  that Plaintiffs are ready, willing, or able to return the consideration that Mrs. Cleveland received

22  pursuant to the subject loan. *Fleming v. Kagan*, 189 Cal.App.2d 791, 796-797 (1961).

23         Therefore, as further set forth in the motion, no claim can be asserted against Chase or

24  Deutsche and the entire Amended Complaint should be dismissed without leave to amend.

25  **II.      SUMMARY OF RELEVANT FACTS**

26      • Plaintiff obtained a mortgage loan in the amount of $547,000.00 from New Century

27        Mortgage Corporation ("New Century") on October 22, 2005 ("Loan").  The loan was

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2

secured by a deed of trust ("DOT") encumbering the Subject Property that recorded with Official Records San Diego County on October 28, 2005 as instrument number 2005-0940098.  *See,* Request for Judicial Notice ("RJN"), Exhibit 1.

- The DOT was assigned via a corporate assignment to Deutsche Bank National Trust Company on September 25, 2007.  The Corporate Assignment of Deed of Trust was recorded with Official Records San Diego County on October 17, 2006 as instrument number 2006-0735147.  *See,* RJN, Exhibit 2.

- A Substitution of Trustee was recorded with Official Records San Diego County on October 18, 2006 as instrument number 2006-0738214, in favor of Loanstar Mortgagee Services.  *See,* RJN, Exhibit 3.

- Plaintiff failed to comply with the Loan obligations and a second Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded with Official Records San Diego County on August 29, 2007 as instrument number 2007-057211.  *See,* RJN, Exhibit 4.

- At the time the NOD was recorded Plaintiff was $29,130.36 in arrears.  *See,* RJN, Exhibit 4.

- A Substitution of Trustee was recorded with Official Records San Diego County on October 19, 2007 as instrument number 2007-0671224, in favor of NDEx West, LLC ("NDEX").  *See,* RJN, Exhibit 5.

- Plaintiff failed to bring her account current and on January 18, 2008, a Notice of Trustee's Sale ("NOT") was recorded with Official Records San Diego County as instrument number 2008-0024810.  *See,* RJN, Exhibit 6.

- The DOT was assigned to Deutsche Bank National Trust Company, Trustee for New Century on February 7, 2008.  The Assignment of Deed of Trust was recorded with Official Records San Diego County on February 20, 2009 as instrument number 2008-0084714.  *See,* RJN, Exhibit 7.

- The Subject Property was sold to Deutsche at a Trustee's Sale on February 19, 2008, and

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

3

1061618.1

1    a Trustee's Deed Upon Sale was recorded on March 4, 2008 as instrument number 2008-

2    0111362. *See,* RJN, Exhibit 8.

3    • Thereafter, Plaintiff recorded a Deed of Trust, a Quitclaim Deed, and Declaration of

4    Acceptance with Official Records San Diego County. *See,* RJN, Exhibit 9.

5    • Deutsche was forced to bring an unlawful detainer action against Plaintiff in the Superior

6    Court of California, County of San Diego to obtain possession of the Subject Property,

7    *Deutsche v. Cleveland,* San Diego County Superior Court case number 37-2008-

8    00030649-CL-UD-SC.  Pursuant to a motion for summary judgment, Deutsche obtained

9    an order for possession of the subject property. *See,* RJN, Exhibit 10.

10   • The eviction was completed on May 7, 2008 pursuant to a lockout. *See,* Declaration of

11   Randall D. Naiman at ¶ 6, Pacer Docket No. 14.

12   **III.    THE STANDARD FOR A MOTION TO DISMISS**

13   A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state

14   a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to

15   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of

16   his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a

17   cause of action's elements will not do.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1959

18   (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on

19   the assumption that all of the complaint's allegations are true." *Id.*

20   **IV.    THE COMPLAINT FAILS AS ASSERTED BY JAY CLEVELAND BECAUSE HE**

21   **HAS NO STANDING**

22   Standing is a "threshold question in every federal case, determining the power of the court to

23   entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975).  In this case, Plaintiff Jay Cleveland

24   ("Mr. Cleveland") has no standing to assert any claim in the Amended Complaint because he was

25   not a borrower in connection with the Loan.

26   "Every action must be prosecuted in the name of the real party in interest, except as

27   otherwise provided by statute." CCP § 367.  The real party in interest is the person who has the right

28

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    to sue under the substantive law. It is the person who owns or holds title to the claim or property

2    involved, as opposed to others who may be interested or benefited by the litigation. *See, Gantman v.*

3    *United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991), 3 Witkin, Cal Procedure (2d ed.) Pleading,

4    s 91 (1971).   Thus, a dismissal for lack of standing is a basis of dismissal for failure to state a claim

5    under FRCP Rule 12(b)(6).

6         In this case, as evidenced by the DOT, Mr. Cleveland was NOT a party to the Loan.

7    Specifically, the DOT identifies Plaintiff "Josephine D. Cleveland" as the only borrower in

8    connection with the Loan. *See,* RJN, Exhibit 1.

9         Accordingly, Mr. Cleveland did not own or hold an interest in the Loan and thereby has no

10   standing to bring this lawsuit and assert claims against Chase and Deutsche.   Therefore, all claims

11   asserted by Mr. Cleveland should be dismissed.

12   **V.    NO CLAIM FOR VIOLATION OF TILA CAN BE ASSERTED AGAINST**

13   **DEUTSCHE**

14        **A.    Deutsche Cannot be Liable for Damages for TILA Violations Because the Claim**

15        **is Barred by Statute of Limitations**

16        Deutsche is not the originating lender. *See,* RJN, Exhibits 1-2.  Deutsche is an assignee

17   lender.  Liability for an assignee of a loan secured by real property is found where "the violation for

18   which such action or proceeding is brought is apparent on the face of the disclosure statement

19   provided in connection with such transaction." 15 U.S.C. § 1641(e)(1)(A).  Only violations that "[a]

20   reasonable person can spot on the face of the disclosure statement or other assigned documents will

21   make the assignee liable under TILA." *Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689, 694 (7th

22   Cir.1998).

23        Furthermore, civil penalties under TILA are subject to a one-year statute of limitations.  15

24   U.S.C. § 1640(e).

25        Plaintiffs allege that the notice of the right to cancel ("NRC") and the disclosure statements

26   provided to Plaintiffs during closing did not include the required TILA disclosures. *See,* Amended

27   Complaint, ¶¶ 23-24.  Plaintiffs further seek statutory damages, actual damages, costs and forfeiture

28

*(left margin, rotated)* ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

5

1  of the Loan. *See,* Amended Complaint, ¶ 31. As such, Plaintiff is seeking civil penalties for the

2  purported TILA violations. Assuming that Plaintiffs' allegations are true and Deutsche could have

3  determined that a TILA violation had occurred by a detailed review of the NRC and the other TILA

4  disclosure documents, which Deutsche does not concede, Deutsche could not be liable for those

5  damages because the statute of limitations has expired. Section 1640(e) states, in part:

6  > "Any action under this section may be brought in any United States district

7  > court, or in any other court of competent jurisdiction, <u>within one year from</u>

8  > <u>the date of the occurrence</u> of the violation." (Emphasis added).

9  In *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006), the Court

10  granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages,

11  attorney costs and fees, and forfeiture of the tender because Plaintiffs filed their claim after the

12  expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute

13  of limitations period applying to claims for civil damages arising from TILA violations begins to run

14  from the date of the complained of violation. If the violation is one of disclosure in a closed-end

15  credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff

16  enters the loan agreement.

17  Plaintiff's Loan closed on or about October 22, 2005. *See,* RJN, Exhibit 1. Plaintiff filed

18  suit on May 8, 2008, more than <u>two</u> years after the Loan closed and she purportedly obtained the

19  deficient disclosure documents. *See,* Pacer Docket No. 1. Consequently, any claim for damages for

20  improper TILA disclosures are time-barred because the statute of limitations period began to run on

21  the date the Loan closed on October 22, 2005. Plaintiff's claims expired on October 22, 2006, one

22  year after the Loan closed. *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584.

23  **B.**     **<u>Plaintiffs are not Entitled to Rescission Because the Subject Property Has Been</u>**

24  **<u>Sold</u>**

25  Plaintiffs' claim for rescission of the Loan, like the action for damages, pursuant to TILA is

26  also fatally flawed because the claim is time barred. As held by the Court in denying Plaintiff

27  Josephine Cleveland's Application, "Any claim for rescission must be brought within three years of

28

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

08CV0802JM-NLS

1061618.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  consummation of the transaction or prior to the "sale of the sale of the property, whichever occurs

2  first." 15 U.S.C. § 1635(f)." *See,* Order, Pacer Docket No. 16, p. 2:23-3:1, *see also, Murray v. Fifth*

3  *Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007). Thus, Plaintiffs' right to rescind the

4  transaction expired on February 19, 2008, the date of the trustee's sale. *See,* RJN, Exhibit 8.

5      As such, no claim for violation of TILA can be asserted against Deutsche.

6  **VI.  THE CLAIM FOR VIOLATION OF TILA AGAINST CHASE ALSO FAILS**

7      Plaintiffs argue that Chase is liable for failing to provide the Plaintiff with disclosure

8  documents required by TILA, including proper notices of right to cancel and disclosing all finance

9  charges. *See,* Amended Complaint ¶¶ 23-24. The only parties who can be liable for TILA violations

10  are the original creditor and assignees of that creditor, 15 USC §§ 1640, 1641. Servicers of consumer

11  obligations are not to be treated as assignees for purposes of imposing liability unless they are also

12  the owner of the obligation. 15 U.S.C. § 1641(f). *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956,

13  959 (N.D. Ill. 2003).

14      In *Chow*, the Plaintiff brought an action for TILA violations against various parties,

15  including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and

16  argued that because it was only the servicer of the mortgage loan, not the owner, it could not be

17  liable as an assignee. The Court agreed and held that GMAC could not be held liable as an assignee

18  for the alleged TILA violations. *See also, Bills v. BNC Mortg., Inc., 502 F.Supp.2d 773* (N.D.Ill.,

19  2007) (action was brought for violation of TILA against loan service, court dismissed claim).

20      Section 1640(a) "permits only a 'creditor' to be held liable for a monetary penalty or an

21  award of attorney's fees for a TILA violation." *Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359

22  (E.D.Pa., 1994).

23      In this case, as seen by the recorded documents, Chase was not the lender in connection with

24  the Loan, and was never the beneficiary or trustee of the DOT securing the Loan. *See,* RJN, Exhibits

25  1-2 and 7. Chase was the mere loan servicer. *Id.* Specifically, New Century was the lender in the

26  connection with the DOT. *See,* RJN, Exhibit 1. Thereafter, on February 7, 2008, the DOT was

27  assigned to Deutsche. *See,* RJN, Exhibit 2, 7. Chase was never the lender, beneficiary, or trustee

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

7

1    pursuant to the DOT. *See,* RJN, Exhibit 1-7. In fact, Plaintiff Josephine Cleveland concedes in her

2    Opposition to Defendants' Motion to Dismiss the Complaint that the TILA claim fails as asserted

3    against Chase because Chase was merely the servicer for Loan. *See,* Plaintiff's Opposition, p. 2:20-

4    26; Pacer Docket No. 26. As such, Chase cannot be liable for any purported TILA violations and the

5    claim should be dismissed as asserted against Chase. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d at

6    959.

7         Moreover, the Subject Property has already been foreclosed and sold. *See*, RJN, Exhibit 8.

8    Thus, any interest that Chase may have had as a servicer of the Loan ceased upon the completion of

9    the foreclosure sale.

10   **VII.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INJUNCTIVE RELIEF AGAINST**

11   **CHASE OR DEUTSCHE**

12        A preliminary injunction can be issued only if plaintiff demonstrates: 1) likelihood of success

13   on the merits; 2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is

14   denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and

15   4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell*, 480 US

16   531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co,*

17   *Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).

18        Here, Plaintiffs makes incoherent and nonsensical allegations that Defendants cannot proceed

19   with a foreclosure sale because they have failed to provide "valid verification of the alleged debt

20   documents and the original promissory note" and "non disclosure". *See*, Amended Complaint, ¶ 35.

21   Regardless of Plaintiffs' incoherent allegations, Plaintiffs cannot seek to enjoin Chase from

22   conducting a foreclosure sale because Chase has no interest in the Loan. As previously indicated,

23   New Century was the lender in the connection with the DOT. *See,* RJN, Exhibit 1. Thereafter, the

24   DOT was assigned to Deutsche Bank National Trust Company, Trustee for New Century. *See,* RJN,

25   Exhibits 2, 7. Chase was never the lender, beneficiary, or trustee pursuant to the DOT. *See,* RJN,

26   Exhibit 1-7.

27        Furthermore, Plaintiffs cannot establish that Deutsche is liable under any claim in the

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

8

1    Amended Complaint as Deutsche had the legal right to commence foreclosure proceeding under its

2    power of sale upon default of the Loan, pursuant to the DOT, Corporate Assignment of Deed of

3    Trust, and Assignment of Deed of Trust. *See*, RJN, Exhibits 1-2 and 7.

4         Finally, the Subject Property has already been foreclosed. *See*, RJN, Exhibit 8. Thus, this

5    claim for injunctive relief to enjoin the foreclosure sale is <u>moot</u>.

6    **VIII.    PLAINTIFFS CANNOT STATE A CLAIM FOR STATUTORY DAMAGES**

7         Plaintiffs assert a third claim for "statutory damages" when no such claim exists. *See*,

8    Amended Complaint, p. 14:22-23 and ¶ 38.  Rather, it is a request for damages.  Furthermore,

9    bundled within this purported claim is allegations of violations of various statutory provisions,

10   including TILA, the Real Estate Settlement Practices Act ("RESPA"), Business and Professions

11   Code § 17200, et seq. *See*, Amended Complaint ¶¶ 39-41.  Plaintiffs merely recite to various

12   statutes without specifying in what manner Defendants violated the statutes identified under the third

13   claim for "statutory damages."  As such, Chase and Deutsche are left to guess whether Plaintiffs are

14   seeking damages or alleging violation of various statutes.

15        Therefore, Plaintiffs fail to state a claim as required under FRCP Rule 12(b)(6). Accordingly, the

16   purported claim for "statutory damages" should be dismissed.

17   **IX.    PLAINTIFFS CANNOT STATE A CLAIM FOR FRAUD**

18        The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the

19   falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on the

20   representation, and 5) resulting damage. *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5

21   Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).

22        A plaintiff must plead a fraud claim specifically and not generally.  Specific pleading

23   requires facts that clearly allege every element of the fraud. *Stansfield v. Starkey,* 220 Cal.App.3d

24   59, 73 (1990).

25        Additionally, FRCP 9 has a specificity or particularity requirement.  FRCP 9(b) states that

26   "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

27   with particularity."  Thus, rule 9(b) serves to furnish defendant with notice, but also imposes the

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1061618.1

1   additional obligation on plaintiff to "aver with particularity the circumstances constituting the

2   fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994). The

3   *GlenFed* court interpreted 9(b) to require allegations not only the <u>time, place and content of the</u>

4   <u>alleged misrepresentation</u>, but also the circumstances indicating false statements:

5          "[t]o allege fraud with particularity a plaintiff must set forth more than the

6          mutual facts necessary to identify the transaction.  The plaintiff must set

7          forth what is false or misleading about a statement, and why it is false.  In

8          other words, the plaintiff must set forth an explanation as to why the

9          statements or omissions complained are misleading."

10  *Id.* at 1547-48.

11         The particularity requirement for fraud mandates pleading facts that "show how, when,

12  where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey*,

13  supra, 220 Cal.App.3d at 73; *Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d

14  702, 707 (1968).  The rationale for this strict pleading requirement is not to merely provide notice to

15  the defendant. "The idea seems to be that allegations of fraud involve a serious attack on character,

16  and fairness to the defendant demands that he should receive the fullest possible details of the charge

17  in order to prepare his defense . . . and the policy of liberal construction of the pleadings . . . will not

18  ordinarily be invoked to sustain a pleading defective in any material respect." *Committee on*

19  *Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983).  Thus, each element of

20  fraud must be alleged factually and specifically. *Tarmann v. State Farm Mutual Auto Insurance Co.*,

21  2 Cal.App.4th 153, 157 (Cal.App.6.Dist. 1991).

22         In addition, to assert a fraud action against a corporation, a plaintiff must also allege that

23  names of the person or persons who allegedly made the fraudulent representation, their authority to

24  speak, to whom they spoke, what they said or wrote, and when it was said or written. *Tarmann v.*

25  *State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th at 157; *In Re GlenFed Inc. Securities Litigation*, 42

26  F.3d 1541, 1547 (9th Cir. 1994); *Matt-Van, Inc. v. Sheldon Good & Co. Auctions*, LLC, 2007

27  WL2206946, pg. 5 (S.D. Cal. 2007).

28

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

08CV0802JM-NLS

1  Plaintiffs' entire claim for fraud fails because it is not pled with any particularity.  Instead,

2  without identifying which defendant, Plaintiffs vaguely allege that "Defendant presented the plaintiff

3  [sic] documentation which clearly indicated that they were owners in due course knowing that such

4  documentation was in fact false and fraudulent."  *See*, Amended Complaint, ¶ 47.  Thus, it is

5  uncertain which particular defendant purportedly presented Plaintiffs with such documentation.

6  More importantly, Plaintiffs fail to make any allegation that Chase or Deutsche made any false

7  representation, and as such, the first element of fraud is not established.

8  Therefore, Plaintiffs fail to allege any element of fraud with any particularity as required.

9  Accordingly, the motion to dismiss the claim for fraud should be granted without leave to amend.

10  **X.    PLAINTIFFS FAIL TO STATE A CLAIM FOR ACCOUNTING**

11  The claim for accounting is improper as to Chase and Deutsche, because there is no

12  allegation that Chase or Deutsche owes any money to Plaintiff.  *See*, Amended Complaint.

13  A claim for accounting requires either the existence of a fiduciary relationship, or accounts

14  so complicated that an ordinary legal action demanding a fixed sum is impracticable.  5 Witkin, Cal.

15  Proc. 4th (1997) Pleading, § 775, p. 233.  The elements of a claim for accounting are: 1) the fiduciary

16  relationship or other circumstances appropriate to the remedy, and 2) a balance due from the

17  defendant to the plaintiff that can only be ascertained by an accounting.  *See*, Witkin, California

18  Procedure, Pleadings, § 776, pg. 233 (4th ed.).

19  Here, Plaintiffs' claim for accounting is based on the allegation that there is an "amount of

20  money due and owing from Plaintiff [sic] to defendant remains in dispute".  *See*, Amended

21  Complaint ¶ 57.  Plaintiffs cannot assert a claim for accounting against Chase or Deutsche because

22  neither entity owed any money to Plaintiffs.  In order to state a claim for accounting, a defendant has

23  to owe money to the plaintiff.  *See*, Witkin, California Procedure, Pleadings, § 776, pg. 233 (4th ed.).

24  Furthermore, there is not fiduciary relationship between Plaintiffs and Defendants that would

25  otherwise satisfy the first element of an accounting claim.

26  In *Nymark*, the Court held:

27  "As a general rule, a financial institution owed no duty of care to a

28

1    <u>borrower when the institution's involvement in the loan transaction</u>

2    <u>does not exceed the scope of its conventional role as a mere lender of</u>

3    <u>money</u>..."

4    *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096

5    (1991).

6    As previously indicated, Chase is merely the loan servicer of the DOT. Thus, even assuming

7    arguendo that Chase was Plaintiffs' lender, it owed no fiduciary duty to Plaintiffs. *Nymark v. Heart*

8    *Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991). As such, Plaintiffs fail to establish a

9    fiduciary relationship between Chase and themselves. For the same reason, no fiduciary relationship

10   can be established between Deutsche (assignee of the DOT) and Plaintiffs. *Nymark v. Heart Fed.*

11   *Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991); *see also,* RJN, Exhibits 2, 7.

12   Therefore, the motion to dismiss the claim for accounting against Chase and Deutsche should

13   be granted.

14   **XI.    PLAINTIFFS CANNOT STATE A CLAIM FOR CANCELLATION OF**

15   **INSTRUMENTS**

16   Under California Civil Code § 3412, "a written instrument in which there is reasonable

17   apprehension that if left outstanding it may cause serious injury to a person against who it <u>void or</u>

18   <u>voidable</u>, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

19   (Emphasis added).

20   No action for cancellation of the DOT or Loan can be asserted against Chase because Chase

21   has no interest in either the DOT or the Loan. As previously indicated, New Century was the

22   originating lender in connection with the DOT. *See,* RJN, Exhibit 1. Thereafter, the DOT was

23   assigned to Deutsche. *See,* RJN, Exhibit 2, 7. Chase was never the lender, beneficiary, or trustee

24   pursuant to the DOT. *See,* RJN, Exhibit 1-7.

25   Even assuming Chase was the lender, Plaintiffs merely make vague and general allegations.

26   In particular, Plaintiffs allege that "[t]he beneficiary herein operates under badges of fraud which

27   will require more detailed discovery to ascertain" and "defendants take the properties for no cash".

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

12

1    *See,* Amended Complaint ¶ 62. As such, Plaintiffs appear to argue that the Loan and DOT should be

2    cancelled because it is <u>voidable</u> based on fraud. Plaintiffs' claim for "cancellation of instruments"

3    appears to be based on the allegations that because "defendants" were able to purchase the Subject

4    Property at the foreclosure by simply making a "full credit bid" without cash, check or money order,

5    somehow the foreclosure was improper. Further, Plaintiffs argue that "defendants" were not the

6    holders of the loan note, and thus, "defendants" didn't have the ability to foreclose. *See*, Amended

7    Complaint, pp. 20-22.

8         Plaintiffs' argument is nonsensical. Deutsche, as the beneficiary of the DOT, was authorized

9    to make a <u>credit bid up to the full amount of the unpaid loan balance</u>, including the principal and

10   interest, plus the costs, fees, and other foreclosure expenses, at the foreclosure sale. *Cornelison v.*

11   *Kornbluth*, 15 Cal.3d 590, 606 fn. 10 (1975). Also, California Civil Code § 2924h(b) states:

12           "...The present beneficiary of the deed of trust under foreclosure shall have the right

13           to offset his or her bid or bids only to the extent of the total amount due the

14           beneficiary, including the trustee's fees and expenses."

15   Thus, Deutsche was not required to offer any cash, check, or money order at the foreclosure sale to

16   purchase the Subject Property.

17        Further, there is no question that Deutsche, as the beneficiary of the DOT, was authorized to

18   conduct foreclosure. *See*, RJN, Exhibit 7. In California, the instrument most commonly used to

19   secure a promissory note given for a real property loan is a deed of trust. It effectively gives the

20   creditor a lien on the secured property to satisfy the obligation under the note if it is not paid.

21   *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1235 (1995). The borrower executes the

22   promissory note and deed of trust, thereby transferring an interest in the property to the lender as

23   security for repayment of the loan. *Bartold v. Glendale Fed'l Bank*, 81 Cal. App. 4th 816, 821

24   (2000).

25        The beneficiary of a deed of trust ordinarily has two means to enforce the security interest

26   provided by the deed. First, Code of Civil Procedure Section 725a expressly grants the beneficiary

27   the right to bring an action for judicial foreclosure "in the manner ... of a mortgage upon such

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

13

1 | property." Cal. Code of Civ. Proc., § 725a; *see also Field v. Acres*, 9 Cal. 2d 110, 112 (1937). In

2 | addition, if the deed of trust contains an express provision granting a power of sale—as the Deed of

3 | Trust in this case does—the beneficiary may pursue nonjudicial foreclosure, often called a "trustee's

4 | sale," under the detailed regulatory provisions of California Civil Code Sections 2924 – 2924i.

5 | *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Aside from the availability of this second

6 | remedy, deeds of trust have the same legal effect as a traditional mortgage. As a result, deeds of trust

7 | are often characterized as "practically and substantially only mortgages with a power of sale."

8 | *Monterey S.P. Partnership v. W. L. Bangham, Inc.* 49 Cal. 3d 454, 460 (1989) quoting *Bank of Italy*

9 | *etc. Assn. v. Bentley*, 217 Cal. 644, 657 (1933).

10 | The legal framework governing those nonjudicial foreclosures or trustee's sales is found in

11 | California Civil Code Sections 2924 – 2924i, which is the "the comprehensive statutory framework

12 | established to govern nonjudicial foreclosure sales" and "is intended to be exhaustive." *Moeller v.*

13 | *Lien*, 25 Cal. App. 4th 822, 834 (1994); *see also Homestead Sav. v. Darmiento*, 230 Cal. App. 3d

14 | 424, 432-433 (1991). That statutory scheme specifically provides that the foreclosure process may

15 | be conducted by the "trustee, mortgagee or **beneficiary or any of their authorized agents**" and a

16 | person authorized to record the notice of default or the notice of sale includes "an agent for the

17 | mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

18 | substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code § 2924a(1), (4)

19 | (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the

20 | **beneficiary** may declare a default and proceed with a nonjudicial foreclosure sale." (emphasis

21 | added)).

22 | This tenet of California law is mirrored in the context of judicial foreclosures as well,

23 | whereby the California Code of Civil Procedure also expressly provides this foreclosure authority to

24 | beneficiaries of a deed of trust:

25 |
26 | The **beneficiary** or trustee named in a deed of trust … with power of sale upon real property or any interest therein to secure a debt or other obligation … shall have the right to bring suit to foreclose the same in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage upon such property.

27 |
28 |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1

2   Cal. Code of Civ. Proc. § 725a (emphasis added).   Thus, under the power of sale in the DOT,

3   Deutsche was entitled to foreclose on the Subject Property. *See*, RJN, Exhibit 1.

4            Even assuming that there was fraud, Plaintiffs are required to do equity in order to allege a

5   claim for cancellation of instruments.

6                    "In obtaining rescission or <u>cancellation</u>, the rule is that the complainant is

7                    required to do equity, as a condition to his obtaining relief, by restoring to

8                    the defendant everything of value which the plaintiff has received in the

9                    transaction. (citation omitted).  <u>The rule applies although the plaintiff was</u>

10                   <u>induced to enter into the contract by the fraudulent representations of the</u>

11                   <u>defendant.</u> (citations omitted).  (Emphasis added.)

12  *Fleming v. Kagan,* 189 Cal.App.2d at 796-797.

13           Thus, as a matter of law, no claim for cancellation of instruments can be asserted because

14  <u>nothing</u> in the Amended Complaint indicates that Plaintiffs are ready, willing, or able to return the

15  consideration that Plaintiff Josephine Cleveland received pursuant to the Loan. *See,* Amended

16  Complaint.  As such, no claim for cancellation of instruments can be stated.

17           Moreover, if the Loan or DOT was cancelled without return of the loan proceeds, serious

18  injury would be caused to the lender and not Plaintiffs.  If the Loan or DOT is cancelled, the Loan

19  would remain outstanding, but the lender would have no basis for collecting the outstanding balance

20  of approximately $547,960.00.

21           As such, no claim for cancellation of instruments can be stated against Chase or Deutsche.

22  **XII.    PLAINTIFFS CANNOT STATE A CLAIM FOR QUIET TITLE**

23           The complaint for quiet title shall be verified and shall include: (1) a legal description of the

24  property and its street address or common designation; (2) the title of the plaintiff and the basis of

25  the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination

26  is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse

27  claims.  CCP § 761.020.

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

15
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    The remedy of quiet title "is cumulative and not exclusive of any other remedy, form or right

2    of action, or proceeding provided by law for establishing or quieting title to property." CCP §

3    760.030(a). Although an action to quiet title is an equitable action, the court will look to the theory

4    of relief underlying the claim to determine what statute of limitations applies. *Ankoanda v. Walker-*

5    *Smith,* 44 Cal.App.4th 610 (1996). Moreover, since a quiet title action is equitable in nature, the

6    claim is determined by the court, not a jury. *Caira v. Offner,* 126 Cal.App.4th 12, 25-29 (2005).

7    As set forth in this motion, Plaintiffs fail to state a claim upon which relief can be granted for

8    TILA violations, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments,

9    or declaratory relief. Furthermore, neither Chase nor Deutsche committed any wrongdoing. As

10   assignee of the DOT, Deutsche had the legal right to commence foreclosure proceeding under its

11   power of sale and thereafter became the lawful grantee of the Subject Property upon the trustee's

12   sale. Thus, there is no basis to seek quiet title as to Chase or Deutsche. *See*, RJN, Exhibits 1-2 and

13   7-8.

14   At minimum, there is no basis to seek quiet title as to Chase, because Chase has no interest in

15   the Subject Property, and thus, is not asserting any adverse claim as to the Subject Property.

16   **XIII.   PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY RELIEF**

17   CCP § 1060 sets forth the requirements for declaratory relief and states in relevant part:

18       "Any person interested under a written instrument, excluding a will or a

19       trust, or under a contract, or who desires a declaration of his or her rights or

20       duties with respect to another, …, may, in cases of actual controversy

21       relating to the legal rights and duties of the respective parties, bring an

22       original action or cross-complaint in the superior court for a declaration of

23       his or her rights and duties in the premises…" (Emphasis added.)

24   The court can refuse to issue a judicial declaration in a case in which a judicial determination

25   or declaration is not necessary or proper. CCP § 1061. Thus, an essential element of a cause of

26   action for declaratory relief is that the parties have "rights or duties" with respect to property and the

27   existence of an actual and present controversy must be pleaded specifically. General statements

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

16

1    about controversy are useless. *Alturas v. Gloster*, 16 Cal.2d 46, 48 (1940). An actual controversy

2    involving justiciable questions relating to <u>the rights or obligations of a party must exist</u>. *See,*

3    *Tiburon v. Northwestern Pacific Railroad Co.*, 4 Cal.App.3d 160, 170 (1970).

4        Specifically, the court in *Wilson v. Transit Authority*, 199 Cal.App.2d at 723-724 (1962),

5    held:

6        "To state a cause of action for declaratory relief under section 1060 of the

7        Code of Civil Procedure appropriate facts should be alleged from which the

8        court may determine that an actual controversy <u>relating to the legal rights</u>

9        <u>and duties of the respective parties exists</u>." (Emphasis added.)

10   *See also, Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937); *Conroy v. Civil*

11   *Service Commission,* 75 Cal.App.2d 450, 456 (1946).

12       Here, Plaintiffs seek declaratory relief to identify the holder in due course of the Loan and

13   DOT. *See*, Amended Complaint ¶¶ 78-79.

14       As the loan servicer, Chase has no interest in the Loan or DOT. New Century was the

15   originating lender in connection with the DOT. *See*, RJN, Exhibit 1. Thereafter, the DOT was

16   assigned to Deutsche**.** *See*, RJN, Exhibit 2, 7. As such, Chase was never the lender, beneficiary, or

17   trustee pursuant to the DOT, and therefore had no interest in the Loan or DOT. *See*, RJN, Exhibit 1-

18   7.

19       Furthermore, as the title documents indicate, Deutsche is the assignee of the DOT. *See*, RJN,

20   Exhibit 2, 7. As such, Deutsche has the legal right to commence foreclosure proceeding under its

21   power of sale upon default of the Loan, pursuant to the DOT, Corporate Assignment of Deed of

22   Trust, and Assignment of Deed of Trust. *See*, RJN, Exhibits1-2 and 7. Therefore, there is no

23   controversy relating to the legal rights and duties as they relate to Deutsche.

24       In light of the above, there can be no claim for declaratory relief asserted against Chase or

25   Deutsche as there is no controversy regarding the terms of the Loan or DOT. Therefore, the motion

26   to dismiss the claim for declaratory relief should be granted.

27   ///

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1061618.1

1

## XIV.   **CONCLUSION**

2          Based on the aforesaid argument and authorities, Chase and Deutsch respectfully request that

3   this Court grant the motion to dismiss in its entirety.

4

5   DATED:  September 10, 2008                    ADORNO YOSS ALVARADO & SMITH
                                                  A Professional Corporation
6

7

8                                                 By:_/s/ S. Christopher Yoo_____
                                                      JOHN M. SORICH
9                                                     S. CHRISTOPHER YOO
                                                      Attorneys for Defendants
10                                                    DEUTSCHE BANK NATIONAL TRUST
                                                      COMPANY, TRUSTEE FOR NEW CENTURY
11                                                    and CHASE HOME FINANCE LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

08CV0802JM-NLS

1061618.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

     I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

     On September 10, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS "THIRD AMENDED COMPLAINT" FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒     by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒     **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐     **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐     **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐     **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

     Executed on September 10, 2008, at Santa Ana, California.

                             /s/ Veronica Delgado
                             Veronica Delgado

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1054336.1

**SERVICE LIST**
**Josephine Cleveland v. Deutsche Bank, et al.**
**USDC-Southern District Case No. 08CV0802JM-NLS**

Josephine Cleveland
908 Paradise Knoll Court
National City, CA 91950

**Plaintiff in Pro Per**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1054336.1