# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE CLEVELAND, JAY CLEVELAND<br><br>                    Plaintiffs,<br><br>   vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR NEW CENTURY, NEW CENTURY MORTGAGE CORP., CHASE HOME FINANCE LLC,<br><br>                    Defendants. | CASE NO. 08cv0802 JM(NLS)<br><br>ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT; GRANTING LEAVE TO AMEND; STRIKING DOCKET NO. 40 |

Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), trustee for New Century, and Chase Home Finance LLC ("Chase") move to dismiss Plaintiffs Third Amended Complaint ("TAC"). In apparent opposition to the motion, Plaintiffs filed a document entitled "Request for Judicial Notice in Support of Opposition." (Docket No. 37). The court has not received any other document from Plaintiffs in opposition to the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with 20 days leave to amend from the date of entry of this order. The court also instructs the Court Clerk to strike Docket No. 40 from the Court Docket.

## BACKGROUND

Plaintiff Josephine Cleveland commenced this action on May 1, 2008 alleging that Defendants violated the Truth in Lending Act ("TILA"). The TAC, filed on August 28, 2008 alleges eight claims

1  for violation of TILA, injunctive relief, statutory damages, fraud, accounting, cancellation of
2  instruments, quiet title, and declaratory relief.

3  On October 22, 2006 Plaintiff, in her name only, obtained a loan in the amount of $547,000
4  from New Century. (TAC ¶12: RJN Exh. 1)[1]. The Deed of Trust ("DOT") was assigned to Deutsche
5  Bank on September 25, 2007. (RJN Exh. 2). On August 29, 2007 a second Notice of Default
6  ("NOD") was recorded. At the time of recording the second NOD Plaintiff was $29,130.36 in arrears.
7  (RJN Exh. 4). On January 18, 2008 a Notice of Trustee's Sale was recorded and the property sold
8  to Deutsche Bank at a Trustee's sale on February 19, 2008. (TAC ¶19). Deutsche Bank subsequently
9  brought an unlawful detainer action in state court and the eviction was completed on May 7, 2008.
10  Plaintiffs have subsequently regained possession of the home. (TAC ¶19).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences

---

[1] Pursuant to FRE 201, the court takes judicial notice of documents submitted by Defendants in their Request for Judicial Notice.

1 to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

<u>Plaintiff Jay Cleveland Lacks Standing</u>

Defendants move to dismiss Jay Cleveland on the ground that he lacks standing to assert any claim because he was not a borrower in connection with the loan. The real party in interest requirements of Federal Rule of Civil Procedure 17 require that an action be prosecuted in the name of the real party in interest. "Generally, the person possessing the right sued upon by reason of the substantive law is the real party in interest. It follows that someone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party." Gantman v. United Pacific Ins. Co. 232 Cal.App.3d 1560, 1566 (1991). Here, the borrower to the loan was "Josephine Cleveland, a married woman as her sole and separate property." (RJN, Exh. 1). Since it appears that Jay Cleveland does not possess any interest in the property, he is not a proper party to this action.

The court grants the motion to dismiss Jay Cleveland as a party without prejudice and with leave to amend. In any amended complaint, Plaintiffs are instructed to allege, consistent with Rule 11, whether Jay Cleveland possesses any interest in the underlying property, transactions or occurrences.

<u>The TILA Claim</u>

Plaintiffs seek to establish a claim for violation of TILA against Chase and Deutsche Bank. Plaintiffs allege that Chase failed to make adequate disclosures and to provide two copies of the right to recision notice. This claim fails as a matter of law. The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor. 15 U.S.C. §§1640, 1641. Chase, as the loan servicer, cannot be held liable unless it is also the owner of the obligation. 15 U.S.C. §1641(f); Chow v. Aegis Mortg. Corp., 286 F.Supp2d 956, 959 (N.D. Ill. 2003). As Chase was never the lender, beneficiary, or trustee pursuant to the DOT, Plaintiffs fail to state a claim against Chase for violation of TILA.

1       The court concludes that the TILA claims against Deutsche Bank also fail. An assignee may be liable for a TILA violation only a when "reasonable person can spot [the violation] on the face of the disclosure statement or other assigned documents." Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir. 1998). Deutsche Bank is the assignee of the DOT originated by defendant New Century. While the validity of Plaintiffs' disclosure claims cannot readily be determined on a motion to dismiss, the court concludes that Plaintiffs claims against Deutsche are time barred. Claims of inadequate disclosure must be made "within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). The loan closed on October 22, 2005 but Plaintiffs waited until May 8, 2008 to file the present action. Consequently, Plaintiffs claims for improper disclosure are time barred. Furthermore, a claim for rescission must be made within three years or prior to the "sale of the property, whichever occurs first." 15 U.S.C. §1635(f). Here, Plaintiffs right to rescind expired on February 19, 2008, the date of the trustee's sale. Consequently, Plaintiffs fail to state a TILA claim against Deutsche.

      In sum, the court grants the motion to dismiss this claim with leave to amend. In order to avoid the statute of limitations bar, the court notes that Plaintiffs must set forth sufficient allegations to show that the statute of limitations does not bar this claim or, alternatively, that there are grounds for the equitable tolling of the statute of limitations.

<u>The Claim for Injunctive Relief</u>

      The court also dismisses the claim for injunctive relief against Chase and Deutsche Bank. Plaintiffs seek to enjoin these Defendants from taking possession of the property. (TAC ¶¶33-35). Chase, as the loan servicer, has no interest in loan. With respect to Deutsche Bank, Plaintiffs fail to allege any legal basis to enjoin Deutsche Bank from taking possession of the property as Deutsche Bank has already foreclosed on the DOT and taken possession of the property. Moreover, as Plaintiffs fail to state a claim against these Defendants, Plaintiffs fail to establish the likelihood of success on any cause of action.

      In sum, the court concludes that Plaintiffs fail to allege the requisite likelihood of success on the merits and therefore the court grants the motion to dismiss this claim.

///

///

### The Claim for Statutory Damages

Plaintiffs seek to allege a claim for statutory damages under TILA, the Real Estate Settlement Practices Act, and California Business and Professions Code §17200 et seq. (TAC ¶38-41). The court dismisses this claim because Plaintiffs fail allege any basis for the imposition of statutory damages on these Defendants. Accordingly, the court grants the motion to dismiss this claim.

### The Claim for Fraud

To state a claim for fraud, Plaintiffs must allege (1) a false representation of a material fact, (2) knowledge of the falsity, (3) intent to induce another into relying on the representation, (4) reliance on the representation, and (5) resulting damage. Ach v. Finkelstein, 264 Cal.App.2d 667, 674 (1968). Further Plaintiffs must plead a claim for fraud with the particularity required by Rule 9(b). Rule 9(b) requires that Plaintiffs plead with detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). The allegations of fraud must include the time, place, and specific content of the false representation. See Miscellaneous Service Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). Courts have also phrased the heightened pleading standard as requiring "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs' claim for fraud fails to identify the who, what, where, when and how of the alleged fraudulent scheme. For example, Plaintiffs allege that "defendants concealed facts," "defendants presented the plaintiff documentation which clearly indicated that they were owners in due course knowing that such documentation was in fact false and fraudulent," and "defendants knew that plaintiff would rely on the misrepresentations." (TAC ¶¶43-53). These allegations fail to allege the nature of the fraud with the particularity required by Rule 9(b). Consequently, the court grants the motion to dismiss the fraud claim.

In sum, the court dismisses the fraud claim.

### The Accounting Claim

In order to state a claim for accounting, Plaintiffs must allege (1) a fiduciary relationship or other circumstances appropriate to the remedy, and (2) a balance due from the defendant to the

1  plaintiff that can only be ascertained by an accounting. See 5 Witkin, Cal. Proc. 4th (1997) Pleadings, §776, p. 233 (4th ed.). Plaintiffs allege that there is an "amount of money due and owing from Plaintiff to defendant." (TAC ¶57). Here, Plaintiffs fail to allege the existence of a fiduciary relationship between them and the loan servicer, Chase, or the purchaser of the DOT, Deutsche. As noted in Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991), a financial institution does not owe a duty of care to a borrower "when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . . ." As Plaintiffs fail to allege that either Chase or Deutsche are fiduciaries or that these Defendants own them money, Plaintiffs fail to state a claim for an accounting.

Claim for Cancellation of Instruments

Under California Civil Code §3412, "a written instrument in which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against who it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or cancelled." Plaintiffs generally allege that the property was sold for no cash, check, or money order but that the trustee made a credit bid on the property. (TAC ¶62). The court concludes that Plaintiffs fail to adequately identify the basis for this claim as to Chase or Deutsche.

Chase has no interest in the DOT or note as it is simply the loan servicer. With respect to Deutsche, it was statutorily authorized to make a credit bid on the unpaid loan balance pursuant to Cal. Civil Code §2924h(b). Deutsche was not required to pay cash or other monies for the property. Furthermore, Deutsche, as the beneficiary to the DOT, was authorized to conduct the foreclosure. As Plaintiffs fail to identify any basis to invalidate the DOT, Plaintiffs fail to state a claim for cancellation of instruments.

Finally, in order to maintain a claim for rescission or cancellation of instruments,

> the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring the defendant everything of value which the plaintiff has received in the transaction. The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant.

Fleming v. Kagan, 189 Cal.App.2d at 796-97. As Plaintiffs fail to allege that they are ready, willing or able to return the consideration Plaintiff Josephine Cleveland received pursuant to the Loan, Plaintiffs fail to state a claim for cancellation of documents.

1     <u>Claim to Quiet Title</u>

2     In order to allege a quiet title claim, Plaintiff's complaint must be verified and include (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Pro. §761.020.  Here, for the above stated reasons, Plaintiffs fail to state a claim for TILA violations, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, or declaratory relief and therefore fails to state a claim for quiet title. Further, Chase, as the loan servicer, has no interest in the property and therefore would not be a proper defendant on this claim.  While Deutsche has an interest in the property as the assignee of the DOT, Plaintiffs fail to identify a viable adverse claim to the title.  Consequently, the court grants the motion to dismiss this claim.

    <u>The Claim for Declaratory Relief</u>

    Among other things, Plaintiffs seek a declaration of the identify of the holder in due course and that Defendants should be found to violate Cal. Fin. Code §33560, 22340.  (TAC ¶¶77-81). Plaintiffs further seek a declaration as to Plaintiffs' rights and duties with respect to the property. (TAC ¶81).  The court notes that Chase has no interest in the note or DOT.  As Plaintiffs have failed to state a claim for TILA violations, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, or quiet title Plaintiffs fail to sufficiently identify a controversy regarding the terms of the Loan or DOT.  Consequently, the court grants the motion to dismiss.

**Striking Documents**

    On or about December 1, 2008 Plaintiffs submitted a Fourth Amended Complaint ("FAC") without first obtaining leave of court as required by Federal Rule of Civil Procedure 15.  By separate discrepancy order the court rejected this document for filing.  On or about December 18, 2008 Defendants filed a motion to dismiss the FAC. (Docket No. 18).  The Clerk of Court is instructed to strike Defendants motion to dismiss the FAC as prematurely filed.  The court also vacates the January 23, 2009 hearing date on the motion to dismiss the FAC.

    In sum, the court grants Defendants motion to dismiss all claims.  The court also grants Plaintiffs one last opportunity to submit a FAC.  Plaintiffs are advised that the failure to state a claim

in the FAC will likely result in the dismissal of the complaint with prejudice and without leave to amend. Plaintiffs are granted 20 days leave to amend from the date of entry of this order to file the FAC.

**IT IS SO ORDERED.**

DATED: February 2, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties